Messinger *v.* Phila. R. T. Co., Appellant.

Argued October 10, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Warwick Potter Scott,* and with him *J. J. K. Caskie,* for appellant.

*Jay W. Sechler,* and with him *Paul V. Forster,* for appellee.

Opinion by Gawthrop, J., December 12, 1929:

Appellant assigns for error the action of the court below in refusing its point for binding instructions and its motion for judgment non obstante veredicto. The action is for damage to plaintiff's automobile, a Buick sedan, which he was driving when it was struck by one of defendant's trolley cars. The accident happened on Island Road, a street which runs north and south in the western section of Philadelphia. The street is about thirty-five feet wide between the two lines of defendant's tracks which occupy the east and west sides of the street. The south bound track is on the west side and the north bound track is on the east side. Plaintiff testified to this effect: At about half past seven on the morning of January 19, 1927, he was driving his automobile south on Island Road. The

streets were slippery ...... "had a thin coating of ice on it, ...... and there was a garbage wagon coming up right toward me on the track, on the south bound track, coming toward me, and when he was within at about twenty-five feet of me he pulled right out into the roadway. Naturally the only thing I had to do was jam my brakes on because I couldn't get around him because there was other traffic coming north on Island Avenue, and as I jammed the brakes suddenly I skidded into the car track. I made a complete turn. In other words I was going south and when I applied my brakes I skidded right around and I was facing practically in a northerly direction ...... The traffic was a little congested at that time. There were lots of automobiles going south and going north ...... There was a garbage wagon pulling out of the south bound track ....... and as he pulled out in front of me ...... there was a Ford truck and there was another Ford roadster coming up; they was trying to pass each other and naturally the only thing I had to do was either stop or smash into the garbage wagon, and, so, naturally, I applied my brakes and I steered a little toward the tracks and I skidded right around ...... When I came to a rest on the trolley tracks ...... I seen this trolley car approximately 750 or 1,000 feet away. It was practically two good city blocks away. I could not pull out of the track at that time because the traffic was so great on the north bound and south bound, and this garbage wagon in the meantime managed to get off and started up the road, but I could not pull out of the track because I had to make a clean turn, nor I could not pull up north again because there was a trolley car going south on Island Road, and so I just had to stop there ...... I saw this trolley car coming down so I thought he would stop, but when he got within about twenty-five or thirty feet of me I seen he was trying frantically to stop the

car and at that time I realized I was going to get hit
......, and I just remained there and took the blow.''
On cross-examination he testified that when he tried
to stop he was going about fifteen miles an hour; that
his motor was running at the time of the collision and
that at that time there were three lines of traffic on
Island Road, two lines going north and one going
south, but that the garbage wagon obstructed the
south bound line. He admitted that there were
''breaks'' in the lines of north bound traffic, but it
does not appear that there was any ''break'' in the
south bound line of traffic which had been obstructed
by the garbage wagon. That is the testimony tending
to support the verdict. The defendant's evidence was
totally irreconcilable with it and, therefore, need not
be considered in deciding whether the court should
have entered judgment for it n. o. v.

Counsel for the defendant do not contend in their
brief that the plaintiff's evidence did not warrant a
finding by the jury that the motorman was negligent.
Their contention is that the jury should not have been
permitted to pass on the question of plaintiff's con-
tributory negligence, because his failure to remove his
car from the track before it was struck convicts him
of contributory negligence as a matter of law. To this
we are unable to assent. Of course, if the condition
of traffic on Island Road at the time was such that he
could have, with safety, driven off of the trolley track,
it was his duty to do so and failure to perform that
duty would be negligence in law. The fact that he
could not pull off the track by turning toward the
south would not excuse him from driving in some other
direction if that were feasible. But, under his own
testimony, it is not so clear that it was feasible for
him to drive off of the track at all; that the court
could declare that he was guilty of contributory negli-
gence in failing to do so. The inference is not clear

that the condition of south bound traffic on the west side of the street was such as to require him to drive into it or cross it. The jury could find that he was not warranted in undertaking to do it and that this absolved him from contributory negligence.

The assignments of error are overruled and the judgment is affirmed.