# Byrne v. The Pittsburgh Brewing Company et al., Appellants.

*Negligence—Master and servant—Calling another to assist servant—Injuries to the person called—Judgment for defendant n. o. v.*

1. While the relation of master and servant cannot be imposed

upon a person without his consent, express or implied, a servant may engage an assistant, in case of an emergency, when he is unable to perform the work alone, and such assistant becomes, for the time being a servant of the master whose employee engaged him.

2. Where in such an emergency such temporary employee is injured in consequence of defects in the premises upon which he is requested to work he may hold the master of the servant who called him to assist liable for such injury but in such case he must establish that an emergency existed sufficiently great to warrant the calling upon him for aid.

3. Where the driver of a motor truck, owned and operated by a brewing company, lost his way and requested a friend to ride with him to point out the direction in which he should go, and the friend of such driver complied with such request and rode for a distance in the motor truck and was injured in consequence of defects therein, he could not hold the owner of the motor truck liable for such injuries in the absence of anything to show that his presence on the truck was necessary to guide the driver to the proper road, particularly where it further appeared that the way was easy to find and that a description thereof would have been sufficient.

Argued Oct. 9, 1917. Appeal, No. 48, Oct. T., 1917, by defendants, from judgment of C. P. Allegheny Co., April T., 1915, No. 1485, on verdict for plaintiff, in case of Christopher C. Byrne v. The Pittsburgh Brewing Company, a Corporation Operating the Iron City Brewing Company and The Pittsburgh Brewing Company. Before MESTREZAT, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,983 and judgment thereon. Defendants appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Arthur E. Young,* with him *Grant Curry,* for appellant.—Plaintiff was a volunteer and may not recover even though his injuries were caused by a defective condition of the brakes: Flower v. P. R. R. Co., 69 Pa. 210; Wischam v. Rickards, 136 Pa. 109; Towanda Coal Co. v. Heeman, 86 Pa. 418; Missouri, K. & T. Ry. Co. of Texas v. Moore, 169 S. W. 916; W. B. Conkey Co. v. Bueherer, 84 Ill. App. 633; Langan v. Tyler, 114 Fed. 716.

*Thomas L. Morris,* with him *L. K. & S. G. Porter,* for appellee.—Plaintiff was not a volunteer: Wischam v. Rickards, 136 Pa. 109; Abraham v. Reynolds, 5 H. & N. Exch. 142; Wright v. The London & North Western Ry. Co., L. R., 1 Q. B. Div. 252; McConnell v. P. R. R. Co., 223 Pa. 442.

OPINION BY MR. JUSTICE STEWART, January 7, 1918:

The accident out of which this action arose occurred in this way. The defendant company, in the conduct of its business, maintains and operates several gasolene motor trucks which it employs in the delivery of its brewery products to its customers in the surrounding country. One of these customers was the proprietor of what is known as the Byrne Hotel, located on the Butler plank road about ten miles from the City of Pittsburgh. To fill an order for beer and ice it had received from this hotel, it loaded one of these trucks with the goods required, placed it in charge of a driver who had been in its employ for about seven or eight years and had frequently driven over the route, with directions to make the delivery. This employee drove out the Butler pike, a road running parallel with the plank road and with which he was familiar, until he reached a point nearly opposite the Byrne hotel on the plank road. At this point there is a cross road about a half mile in length leading directly across to the plank road, connecting at or near the hotel, and which he was accustomed to take

in making his deliveries. He found this short piece of road impassable in consequence of repairs that were being made to it. Leaving his motor truck with its load in charge of a man who, for unexplained reason, had been riding with him, he walked over to the hotel and there met this plaintiff, a son of the proprietor, whom he well knew, told him of the fact that he had the goods for delivery on his truck, where the truck was, but that the condition of the road over from the pike prevented his reaching the hotel by that way, and asked to be informed how to get across by another way. The plaintiff told him that by continuing on the pike for about a mile he would come to another cross-road leading directly from the pike across to the plank road to a point about a mile beyond the hotel. The driver asked him to walk back with him to the motor truck and ride with him from that point over the route he had suggested, as he was afraid of getting lost if he attempted it alone. The plaintiff declined, giving as his reason that he was needed about the hotel, it being near the dinner hour, but on being again requested, he consented. Together they walked to the motor truck, the plaintiff there taking a seat with the driver on the truck, as did also the man whom the driver had left in charge of the truck and its load and who was an entire stranger to the plaintiff. Together the three proceeded on their way up the pike until they reached the crossroad, where they turned to the right into the cross-road. They had nearly reached the end of this road, were very close to the plank road, when towards the foot of a declivity, the truck having then got beyond the control of the driver, it ran into a gulley, with the result that the truck was thrown over an embankment and the plaintiff met with the injury for which he brought his action. He based his right to recover on the ground that the proximate cause of the accident was defective brakes on the motor truck, because of which the driver was unable to control the speed of the truck on the declivity. The verdict of the jury awarding the plaintiff damages in

$3,983.00 implies a finding of negligence on the part of the defendant in the respect indicated. At the conclusion of the testimony defendant's counsel asked for binding instructions in favor of the defendant. This was refused. A motion for judgment non obstante followed, which was also refused, and judgment was accordingly entered on the verdict. Of the errors assigned on the appeal, one only need be considered.

If the plaintiff is entitled to recover at all against this defendant, it must be because he stood in the relation of servant or employee of the defendant and was in the course of his employment when he sustained his injury. It may be technically inexact to speak of plaintiff as a volunteer, since it is not disputed that he accompanied the driver on the truck at the latter's request; but that is an immaterial matter, since it is clear that he had no other right to be upon the truck except such as he acquired from the driver. Except as the driver could confer such right, the plaintiff stood in no relation with the defendant whatever and the latter owed him no duty of protection. It is a rule universally recognized that the relation of master and servant cannot be imposed on a person without his consent, express or implied. It is upon the exception to this general rule, which is quite as well settled as the general rule itself, that the plaintiff relies to establish the relation of master and servant in this case. The exception is that a servant may engage an assistant in the case of an emergency where he is unable to perform the work alone. Both rule and exception have been repeatedly recognized and enforced in our own cases, notably in the case of Flower v. Penna. R. R. Co., 69 Pa. 210, and of Wischam v. Rickards, 136 Pa. 109, and neither calls for discussion further than to ascertain whether, from the evidence adduced on behalf of the plaintiff, it can be rightfully determined, (1), that the conditions existing when the driver requested the plaintiff to accompany him were such that the driver would be in danger of becoming lost and long delayed in reaching

the place of delivery if he attempted the road he was advised to take, unaccompanied by someone familiar with it, and, (2), whether if the evidence warrants an affirmative answer, the conditions testified to constitute such an emergency as would warrant the driver in employing the plaintiff in such way as to make him a servant of the defendant, entitled to a servant's rights of protection. These were the questions in the case, and the burden of establishing both affirmatively was upon the plaintiff. They may be considered together. No one knew better than the plaintiff, because of his admitted knowledge of and familiarity with the road which he had advised the plaintiff to adopt, what if any risk or danger the driver would run of missing the road, or losing himself if he chose it. All that was required was that he should continue on the road which he had traveled, the Butler pike, for a distance of about one mile, when he would reach a short cross road about a half or three-quarters of a mile in length and the only cross road he would encounter, one that led over to the plank road on which was located the hotel at which the delivery was to be made, this cross road being, as plaintiff himself testified, in excellent condition and in no way confusing, since no other roads led from it. When the plaintiff was asked whether, on the road he described, it would be possible for the driver to get lost, his only reply was that he "did not suppose anybody would get lost as long as they had a tongue." Nowhere in his testimony does he pretend that in acceding to the request of the driver to accompany him he did so in order to save him from mistaking the road; but, on the contrary, he repeatedly asserted that his only purpose in accompanying him was to save time. How this was to result he nowhere says. Nor does a single witness testify that the situation in which the driver found himself called for any guidance whatever. On the case as presented by the plaintiff and his witnesses, it is simply incredible that, in the conditions there present, traveling from one thoroughfare over an established side or cross

road for a half or three-quarters of a mile to another main thoroughfare which he wished to reach, a full grown man and an experienced driver, in such a country as that is, would be in danger of losing himself. It is none the less incredible that under the conditions shown to have existed such an one could be left in uncertainty as to the particular road he was advised to take. This is the turning point in the case. Did there exist a necessity for the plaintiff's assistance? Did an emergency actually exist? The law in such cases is thus stated in Fiesel v. The New York Edison Co., 123 App. Div. 676, 108 N. Y. Supp. 130: "An emergency employee called on by another employee to assist him, for however short a time, becomes a fellow servant and subject to the rules of law applicable to the injury of a servant by his fellow, but he must be so called as of necessity in order to make him an employee, for a servant has no authority to call on another to help him in his master's business as of necessity, unless the necessity exists. If he can do the work himself, there is no occasion of necessity to imply power in him to employ assistance." This is simply the common law rule. At the furthest, the assistance rendered by the plaintiff in this case may be construed as serving the convenience or pleasure of the driver; but this comes far short of a necessity calling for assistance. The emergency, as used in the rule, implies necessity for assistance. Manifestly here was no emergency. There is absolutely nothing in the evidence which brings the defendant into any relation with the plaintiff out of which a duty of protection could possibly arise. The case called for judgment non obstante, and it was error to refuse it.

The judgment entered is accordingly reversed, and judgment is here entered for the defendant.