# D'Allesandro et al., Appellants, *v.* Bentivoglia et al.

*Negligence — Master and servant — Inviting minor to ride on motor truck—Emergency employment of assistant.*

1. An employer is liable for the acts of his servant only when done in the scope of his employment.

2. An employer of a motor truck driver cannot be held liable for injuries to a minor whom the driver had invited to ride on the truck merely to guide the latter to his destination.

3. Unless an emergency is shown where the servant is unable alone to perform the work which he was engaged to do, authority to employ an assistant is not proved.

Argued November 25, 1925. Appeals, Nos. 330 and 331, Jan. T., 1925, by plaintiffs, from order of C. P. No. 4, Phila. Co., Dec. T., 1923, No. 4934, refusing to take off nonsuit in case of Romeo D'Allesandro, by Dominic D'Allesandro his father and next friend, and Dominic D'Allesandro, in his own right, v. Louis Bentivoglia et al., trading as Bentivoglia & Sons. Before MOSCH-

ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries to a minor. Before FIN-LETTER, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off by AUDENRIED, P. J., FIN-LETTER and McCULLEN, JJ. Plaintiff appealed.

*Error assigned* was order, quoting it.

*Louis Wagner,* for appellant, cited: Perrin v. Lumber Co., 276 Pa. 8; Kirk v. Showell, Fryer Co., 276 Pa. 587; Hughes v. Murdoch S. & T. Co., 269 Pa. 222.

*Benjamin O. Frick,* for appellees, was not heard.

PER CURIAM, January 4, 1926:

This appeal is from the refusal of the court below to remove a nonsuit.

On Saturday, November 24, 1923, the minor plaintiff, over 14 years of age, was at his father's place of business, when an automobile truck of the defendants called for a load of material. The driver, not knowing the route to his next stopping place, asked the boy to guide him. There being no room on the seat, the lad took a position on the running board and the truck proceeded on its way. The driver made a sharp turn to avoid a collision with another automobile, and in so doing the boy was thrown to the street and injured.

Entirely aside from the question of the plaintiff's contributory negligence in riding on the running board of a moving motor car, we agree with the court below that an "employer is liable only for the acts of his servant done in the scope of his employment, and the employment in this case did not include taking the minor plaintiff for a ride" either as "a passenger," which the statement of claim alleges he was, or as an assistant

(Byrne v. Pittsburgh B. Co., 259 Pa. 357, 361; see also Hughes v. Murdoch S. & T. Co., 269 Pa. 222)'; for no such emergency is shown by the record before us as would warrant the driver of the truck in imposing the responsibility of an employer of the minor plaintiff on defendant. Unless an emergency is shown where the servant is unable alone to perform the work which he was engaged to do, authority to employ an assistant is not proved: Byrne v. Pittsburgh B. Co., supra.

The judgment is affirmed.