## Block et al., Appellants, *v.* Grossman et al.

*Negligence—Elevators—Contributory negligence—Nonsuit.*

1. A boy sixteen years old cannot recover damages from the owner of a building for injuries to his hand by an elevator, where the evidence shows that the boy was standing on the basement floor of a building at the time of the accident, that the elevator

with which he was familiar descended and stopped three feet above
the basement floor, that plaintiff thereupon placed his hand on
the floor of the elevator, but did not enter it, that, as the elevator
moved up, his hand remained on its floor, and was caught be-
tween the floor and the archway at the top of the entrance door.

Argued April 17, 1928.    Before FRAZER, WALLING,
SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 145, Jan. T., 1928, by plaintiffs, from or-
der of C. P. No. 3, Phila. Co., Sept. T., 1925, No. 7838,
refusing to take off nonsuit, in case of Samuel Block, by
his father and next friend, Nathan Block, and Nathan
Block, in his own right, v. Harry Grossman et al.    Af-
firmed.

Trespass for personal injuries.    Before FERGUSON, J.
The opinion of the Supreme Court states the facts.
Nonsuit; refusal to take off.    Plaintiffs appealed.

*Error assigned,* inter alia, was order, quoting record.

*Herbert Welty,* with him *William Nicholas,* for ap-
pellants.

*C. B. Wagoner, G. A. Troutman, J. W. McWilliams*
and *Charles S. Wesley,* for appellees, were not heard.

PER CURIAM, May 7, 1928:
Plaintiffs, father and minor son, sued to recover dam-
ages for injury received by the minor under the follow-
ing circumstances: On September 29, 1924, the minor,
then past sixteen, visited the basement of defendant's
place of business for the purpose of returning to the
janitor of the building a tool he had previously bor-
rowed; after he delivered the article, the elevator de-
scended and stopped three feet above the basement floor,
whereupon plaintiff placed his hand on the floor of the
elevator, as it started to ascend, intending to ride to the
first floor.    Although he failed to board the car, his hand

remained on its floor and was caught between the floor and the archway at the top of the entrance door, as the car continued to ascend, inflicting on the young man's hand the injury here complained of. The lower court granted a nonsuit which it subsequently refused to take off and this appeal followed.

A boy sixteen years of age is presumed to see danger and avoid it, and no reason appears in the record why that presumption should not apply here; the minor was above the age mentioned and at the time of the accident an employee in the store of his father in a building adjoining defendants' at $16 a week; he was familiar with the elevator in question, having used it "lots of times." He offers no excuse or reason to show why he permitted his hand to remain on the floor of the upward moving car while he remained on the basement floor; he certainly knew a collision between his hand and the top of the door was inevitable as soon as the elevator reached that point. He could easily have avoided injury by removing his hand; this any prudent person would have done. His failure to do so was gross negligence on his part. The trial judge based the nonsuit (1) on failure of the testimony to show negligence on part of defendants and (2) on the contributory negligence of plaintiff. In both findings he was clearly sustained by the evidence and the judgment must be affirmed.

Judgment affirmed.