Corbin et al., Appellants, *v.* George et al.

Argued May 10, 1932.  Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Samuel Gubin,* with him *Carl Rice, Herbert W. Cummings* and *F. A. Witmer,* for appellants.—The general rule of law now prevailing is that the master is liable when the act is done in the presence of the servant and by his direction or his acquiescence, though the person doing the act is not a servant of the master and though his master has not authorized his servant to employ an assistant: Schroeder v. Refining Co., 300 Pa. 397.

Our statement alleged that the car was being used in furtherance of the business of the defendant and that it was then and there under the control of the defendant's servant. This stands admitted of record, first by reason of having been read into the record as an admission and second because counsel for defendant agreed that these allegations be read into the record as admissions. The jury found the car was operated negligently. It therefor follows that their verdict further finds that the car was operated negligently in the furtherance of the business of defendant and while under the control of its agent or servant.

*Charles C. Lark,* for appellee.—It is a rule universally recognized that the relation of master and servant cannot be imposed upon a person without his consent, express or implied. The only exception to this rule is that a servant may engage an assistant in case of an emergency where he is unable to perform the work alone: Kirk v. Showell, Fryer Co., 276 Pa. 587; Byrne v. Brewing Co., 259 Pa. 357, 361; D'Allesandro v. Bentivoglia, 285 Pa. 72; Arzt v. Lit, 198 Pa. 519; Hughes v. S. & T. Co., 269 Pa. 222; Murphy v. Barry, 163 N. E. 159.

In order that the plaintiffs may recover in this case, it is absolutely necessary that they should prove that there was a necessity or an emergency whereby George had express or implied authority to call upon Helwig for assistance: Kirk v. Showell Fryer Co., 276 Pa. 587; Byrne v. Brewing Co., 259 Pa. 357, 361; D'Allesandro

v. Bentivoglia, 285 Pa. 72; Rucinski v. Cohn, 297 Pa. 105.

OPINION BY MR. JUSTICE SCHAFFER, June 30, 1932:

This action was brought by Martha E. Corbin and S. E. Corbin, her husband, against Roy George and Colgate-Palmolive-Peet Company to recover damages for personal injuries sustained by the wife due to being struck by an automobile belonging to Roy George, but being driven by Dallas Helwig. George was an employee of the Colgate-Palmolive-Peet Company. He used the automobile in the furtherance of its business. Helwig was not an employee of the defendant company, but for some unexplained reason, was driving the car. Martha Corbin was walking along the road escorting her children from a near-by school to her home, and, while so doing, the automobile struck and injured her. So far as this case is concerned it may be assumed that the car was negligently driven. The trial resulted in verdicts for plaintiffs.

Defendants, having requested binding instructions on the trial, moved for a new trial and for judgment non obstante veredicto. After verdict, but prior to judgment, a voluntary nonsuit was suffered by the plaintiffs against Roy George. The motion for voluntary nonsuit was in the following form: "The jury having rendered a verdict in favor of the plaintiffs and against both defendants in the above stated case, if the court be of opinion that the verdict of the jury cannot stand as to both defendants, then counsel for the plaintiffs move the court to enter a voluntary nonsuit as to Roy George." Following this the court entered judgment for the defendant, Colgate-Palmolive-Peet Company, on the ground that no liability attached to it, because Helwig, who was driving the car at the time of the accident, was not in its employ, relying for its action in so doing upon Byrne v. Pittsburgh Brewing Co., 259 Pa. 357. This decision of the court was inevitable, as the driver of the

car was not shown to be in any relation whatever to the Colgate Company. The relation of master and servant cannot be imposed upon a person without his consent, express or implied. The exception to this rule is that a servant may engage an assistant in case of an emergency, where he is unable to perform the work alone: Kirk v. Showell, Fryer & Co., Inc., 276 Pa. 587; Byrne v. Pittsburgh Brewing Co., 259 Pa. 357. The same principle is laid down in D'Allesandro v. Bentivoglia, 285 Pa. 72, and summed up in the text stated in 39 Corpus Juris 1272. There is no evidence in the record of any emergency whatever. The only averments in the statement are that the car was under the control of George, who was a servant of the Colgate Company, and was being operated by Helwig at the special instance and request of George. It was part of plaintiffs' case, even though no affidavit of defense was filed, to establish the emergency which necessitated George's turning over the wheel to Helwig.

The appellants call to our attention cases from other jurisdictions, in which the rule would seem to be otherwise declared, but in which, apparently, the whole subject of liability for the operation of automobiles differs from ours. Manifestly they could not be of authority with us.

It was on plaintiffs' motion that the voluntary nonsuit was entered as to Roy George. The nonsuit would seem to have been suffered because of the view of the court that the verdict could not stand against both defendants. As the subsequent determination was that it could not stand against the Colgate Company, it would appear to be just that permission should now be accorded plaintiffs to move for withdrawal of their voluntary nonsuit as to George in order that they may have the opportunity to establish, if they can, his negligence and liability for the damage. Under the broad powers conferred upon us by the Acts of May 22, 1722, 1 Smith's Laws 140, and June 16, 1836, P. L. 785, "to minister

justice to all persons" we direct the court below to permit the plaintiffs to take such action as may be deemed appropriate for the removal of the nonsuit suffered as to Roy George: Stone v. Phila., 302 Pa. 340, 349.

The judgment of the court below is affirmed without prejudice to plaintiffs' right to have the nonsuit removed.