## Yatsun v. Chuprun

*Paul M. Dzwonchyk* and *D. J. Reedy,* for plaintiff.
*Vosburg & Vosburg,* for defendant.

LEWIS, J., October 26, 1932.—Plaintiff's husband was invited by defendant to go to his premises for dinner. They first went to a lodge meeting at which they did not stay and on their way to defendant's house passed down Keyser Avenue. Defendant drove a truck and another witness sat in the seat of the truck with him. The plaintiff's husband sat on a box in the rear of the truck. As they proceeded down south Keyser Avenue, an unpaved street, at a speed of about 35 miles per hour, defendant passed another car and swerved so far to the right that he struck a telephone pole and the plaintiff's husband was thrown from the truck and killed.

Defendant contends that the decedent was guilty of contributory negligence in riding upon a loose box in the rear of a truck, thus voluntarily assuming a place of danger. He cites Zavodnick v. A. Rose & Son, 297 Pa. 86, D'Allesandro et al. v. Bentivoglia et al., 285 Pa. 72, and Schomaker v. Havey, 291 Pa. 30, as instances in which the plaintiff has been held guilty of contributory negligence.

In all of the above cases the plaintiff unnecessarily assumed a position of danger. In the case at bar the decedent had no reasonable cause to believe that this position was unsafe, seated as he was on a box in the rear of the truck, it being the only place where he could ride and his position having nothing to do with the result of the accident. To hold him guilty of contributory negligence would be to rule that any person riding in the back of a truck would be guilty of contributory negligence.

Now, therefore, October 26, 1932, rule for new trial and judgment n. o. v. are discharged.     From William A. Wilcox, Scranton, Pa.