GORDON *v.* SEARS, ROEBUCK & CO.

AUTOMOBILES—PEDESTRIANS—SERVICE STATION—NEUTRAL GEAR—
EMERGENCY BRAKE—NEGLIGENCE.

> Pedestrian's evidence showing that her injuries were suffered
> when passing alley entrance of service station when car backed
> out of station into and across alley after station employee had
> replaced battery and told owner it was O. K. and to go ahead
> and owner, without ascertaining if gears were in neutral or if
> emergency brake was set, turned on the ignition switch and
> cranked the motor *held,* insufficient evidence of negligence on
> part of employee to impose liability upon employee or his em-
> ployer for injuries sustained by plaintiff.

Appeal from Jackson; Simpson (John), J. Sub-
mitted October 21, 1936. (Docket No. 27, Calendar
No. 39,111.) Decided December 28, 1936. Rehear-
ing denied March 2, 1937.

Case by Ina Gordon against Sears, Roebuck &
Company, a New York corporation, Melvin Warner,
Stephen R. Phillips, individually and as a partner
of Charles W. Rohatz and Peter Sloboda, doing busi-
ness as Jackson Window Cleaning Company, for
personal injuries sustained when struck by a truck
backing from a service station. Verdict and judg-
ment for plaintiff against defendants Sears, Roe-
buck & Company and Warner. Defendants Sears,
Roebuck & Company and Warner appeal. Reversed
without new trial.

*Dudley & Kelly,* for plaintiff.

*Miller, Bevan, Horwitz & Des Roches,* for defend-
ants Sears, Roebuck & Company and Warner.

Wiest, J.  In December, 1934, defendant Sears, Roebuck & Company maintained an automobile battery service station, with entrance on an alley in the city of Jackson, with defendant Melvin Warner the service employee.  Defendant Stephen R. Phillips, who was one partner of the defendant Jackson Window Cleaning Company, drove the partnership truck to and into the station to have the battery tested and serviced.  The station employee removed the battery, found it could not be recharged and replaced it in the car.  Thereupon Mr. Phillips went to the driver's side of the cab, reached in, turned on the ignition switch, took out the crank and, without looking at the transmission lever to see that it was in neutral, went to the front of the car, cranked the motor, and the car ran backward, out, into and across the alley and injured plaintiff, a pedestrian in the alley.  Plaintiff brought suit against all the defendants to recover damages and the jury found Mr. Phillips not guilty of negligence and awarded damages against Sears, Roebuck & Company and Mr. Warner.  Under the above statement there could be no such recovery.

Mr. Phillips, however, testified that after Mr. Warner had replaced the battery he asked him "Is it O. K.?" and Mr. Warner replied "Yes, it is O. K. Go ahead."  This was denied by Mr. Warner, but the jury found it to be a fact.  On the theory that the service station employee, in taking out and replacing the battery must have shifted the gears from neutral, and that the mentioned statement excused Mr. Phillips from his otherwise duty to make inspection as to the state of the gears, the jury found the proximate cause of the accident was so attributable to Sears, Roebuck & Company and Mr. Warner, their employee.

In the instructions to the jury the liability of Mr. Phillips and the copartnership was made to turn upon the mentioned testimony.   The court saying:

"I instruct you members of the jury if you find that what Mr. Phillips did under the circumstances was in reliance upon Warner's assurance that it was all right and that he could go ahead, and if you find that in so acting he was acting as a reasonably prudent person would act under the same or similar circumstances, then I charge you that Phillips and the Jackson Window Cleaning Company have been guilty of no negligence in assuming that it was in the same condition as Phillips had left it, that is, in neutral gear with the emergency brake set, and you should not return a verdict against them, but should confine the issue solely as between Sears, Roebuck & Company and Warner and the plaintiff."

There was no defect of any character occasioned by Mr. Warner and no inherent danger beyond that of carelessness on the part of Mr. Phillips in not taking ordinary precautions in cranking the motor. The statement, claimed to have been made by Mr. Warner, was not an assurance relieving Mr. Phillips from exercising ordinary care.   The assurance did not go beyond that of proper re-installation of the battery, and cannot be enlarged to excuse the palpable want of care on the part of Mr. Phillips.

Mr. Phillips, in starting the car by use of the crank, must have been fully aware that he was in a position where he would have no control over the movement of the automobile.   Phillips admits that he did nothing to determine whether the taking out and re-installation of the battery had interfered with the car being in neutral gear.

The accident was occasioned by the negligence of Phillips.   There was no negligence on the part of

Sears, Roebuck & Company or Mr. Warner, and the court should have so instructed the jury.

The judgment against Sears, Roebuck & Company and Mr. Warner is reversed without a new trial, and with costs.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL and TOY, JJ., concurred. SHARPE and POTTER, JJ., did not sit.