MARSCHALL v. GLAESER.

1. AUTOMOBILES—GARAGE—NEUTRAL GEARS—NEGLIGENCE.

Owner of automobile would be liable for plaintiff's injuries where owner took his car into a garage and, at request of mechanic detailed to work upon it, started the motor without putting gears in neutral as directed by the mechanic and injured plaintiff, also in the garage on business, by pinning him between car and workbench at which he was standing.

2. MASTER AND SERVANT—IMPLIED AUTHORITY—EMERGENCY—SERVANT'S EMPLOYMENT OF ASSISTANCE.

A servant has implied authority in an emergency to employ an assistant and the person so employed becomes a servant of the master and what constitutes an emergency is often a question of fact.

3. SAME—SERVANT'S EMPLOYMENT OF ASSISTANCE.

A servant has no authority to call on another to help him in his master's business as of necessity unless the necessity exists and if he can do the work himself, there is no occasion of necessity to imply power in him to employ assistance.

ON REHEARING.

4. AUTOMOBILES—GARAGES—REPAIRS—SERVANT'S AUTHORITY—EXCLUSION OF EVIDENCE.

Exclusion of testimony of assistant manager of garage as to whether or not he had permission from owner of garage to employ assistance in repairing car which was operated in such a way as to injure plaintiff, a business guest, *held*, reversible error in action against garage owner since such evidence had a direct bearing upon question of scope of authority of assistant manager.

Appeal from Wayne; Campbell (Allan), J. Submitted January 6, 1938. (Docket No. 48, Calendar No. 39,749.) Decided April 4, 1938. Submitted on rehearing July 9, 1938. Decided December 21, 1938.

Case by Joseph J. Marschall against William E. Glaeser and William E. Glaeser, doing business as Glaeser Sales and Service, for personal injuries sustained when an automobile being repaired in defendant's garage ran into him. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed. Reversed and new trial granted on rehearing.

*Bresnahan & Groefsema,* for plaintiff.

*Vandeveer, Vandeveer & Haggerty,* for defendant.

SHARPE, J.   This case is an action for personal injuries growing out of an accident in a garage in the city of Detroit.   Defendant had judgment and plaintiff appeals.   The facts are not in dispute. Defendant Glaeser, doing business as Glaeser Sales and Service, operated a garage where he carried on the business of selling and repairing automobiles. June 22, 1935, plaintiff brought his automobile to defendant's garage to have the valves ground.   The assistant manager, plaintiff's brother, was assigned to this task and while this work was in progress, another customer, Robert Smith, drove in with a Dodge car for the purpose of having the tappets adjusted. His car was placed in a stall adjacent to that in which the plaintiff's car was standing so that the front end of Smith's car was four or five feet from the work bench, in front of which plaintiff was standing.   Upon the arrival of the Dodge car, the repair work on plaintiff's car was suspended and the mechanic started to adjust the tappets on the Smith car.   In order to adjust the tappets, it was necessary for the engine to be in gear; and to complete the job, it became necessary to start the motor, the purpose being to determine whether or not the engine was running smoothly.   Defendant's assistant manager worked on the car for about 20 minutes during which time the car was in gear.   When it became necessary to start the motor the assistant manager called upon Mr. Smith to get in the car, take it out of gear, and start up the motor.   Instead of getting in the car, Smith, who was standing by the side of the car, reached in, turned on the switch, and placed his foot in and stepped on the starter without putting the gear in neutral.   The car immediately started forward, pinning plaintiff between the front of the car and the work bench at which he had been standing

with his back towards the front of the car. Plaintiff was severely injured and brought suit against the owner of the garage. When the cause came on for trial, the court directed a verdict for defendant.

It is the claim of plaintiff that the assistant manager had authority to call upon the owner of the automobile to start the motor; and that the owner's negligence becomes that of the defendant.

There appears to be no question that Smith, the owner of the car, is liable to plaintiff for the injuries sustained by plaintiff.

In *Hunter* v. *Baldwin,* 268 Mich. 106, 108, we said:

"When defendant Eber Baldwin handed the crank to plaintiff and asked him to crank the car, he knew the position plaintiff was in and he also knew that if the car was left in gear when the engine started the car would move and likely injure plaintiff. Defendant Eber Baldwin owed plaintiff a duty that he failed to observe. The plaintiff had a right to rely on the driver of the car having his car in control and was not called upon to anticipate that the driver would have his car in gear while it was being cranked."

See, also, *Gordon* v. *Sears, Roebuck & Co.,* 278 Mich. 513.

*Gordon* v. *Sears, Roebuck & Co., supra,* is to be distinguished from the case at bar in that the services to be rendered by the agent and employee of Sears, Roebuck & Company were concluded upon the replacing of the battery in the car and notifying the owner of the car to that effect, while in the instant case the services of adjusting the tappets were not completed without the starting of the motor. This brings up the question of the implied authority of the assistant manager of the garage to secure the services of the owner of the car in starting the motor. The rule is well established that a servant has implied authority in an emergency to employ an assistant; and the person so employed becomes a

servant of the master. See 76 A. L. R. 963. As to what constitutes an emergency is often a question of fact but in *Fiesel* v. *New York Edison Co.,* 123 App. Div. 676 (108 N. Y. Supp. 130), the rule is well stated. The court there said:

"An emergency employee called on by another employee to assist him, for however short a time, becomes a fellow servant, and subject to the rules of law applicable to the injury of a servant by his fellow. But he must be so called on as of necessity in order to make him an employee, for a servant has no authority to call on another to help him in his master's business as of necessity unless the necessity exists. If he can do the work himself, there is no occasion of necessity to imply power in him to employ assistance."

In *D'Allesandro* v. *Bentivoglia,* 285 Pa. 72 (131 Atl. 592), the court there said:

"Unless an emergency is shown where the servant is unable alone to perform the work which he was engaged to do, authority to employ an assistant is not proved. *Byrne* v. *Pittsburgh Brewing Co.,* 259 Pa. 357 (103 Atl. 53, L. R. A. 1918 C, 1198)."

If plaintiff is to recover he must establish the existence of the relation of master and servant between Smith, the owner of the car, and defendant. This depends upon the authority of the assistant manager of the garage to request Smith to start the car. Under the circumstances there was no emergency. The assistant manager could have started the car without the aid of Smith or anyone else. Plaintiff's claim for injuries must be confined to an action against Smith.

The judgment of the trial court is affirmed. Defendant may recover costs.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.

ON REHEARING.

SHARPE, J. The facts in this case are reported in our former opinion to which reference is made. We there held and now affirm that Smith, the owner of the car, is liable to plaintiff for the injuries sustained by him, see, *Hunter* v. *Baldwin,* 268 Mich. 106; that a servant has implied authority in an emergency to employ an assistant and a person so employed becomes a servant of the master, see 76 A. L. R. 963; that what constitutes an emergency is often a question of fact, see *Fiesel* v. *New York Edison Co.,* 123 App. Div.

676 (108 N. Y. Supp. 130) ; *D'Allesandro* v. *Bentivoglia,* 285 Pa. 72 (131 Atl. 592) ; *Byrne* v. *Pittsburgh Brewing Co.,* 259 Pa. 357 (103 Atl. 53, L. R. A. 1918 C, 1198).

During the trial the following question was asked by plaintiff's counsel of the assistant manager:

"*Q.* Did you have permission of Mr. Glaeser to ask the owner of the car, when you were fixing it up this way, to ask the owner of the car to start the motor?"

The trial court sustained an objection to answering this question. In this cause plaintiff would be entitled to recover if he could establish the existence of the relationship of master and servant between Smith, the owner of the car brought in for repairs, and defendant, the owner of the garage. One of the ways to establish this relationship was to show that the assistant manager of the garage had express authority to require Smith to start the car. An affirmative answer to the question would be helpful in establishing the express authority. Plaintiff was entitled to an answer to the question. An answer whether affirmative or negative would have a direct bearing on the question of whether or not the assistant manager was acting within the scope of his authority in calling upon the owner of the car to help him. The trial court's refusal to permit an answer to the question is reversible error.

The judgment is reversed and a new trial granted. Plaintiff may recover costs.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.