White *v.* Consumers Finance Service, Inc.,
Appellant, et al.

Argued April 9, 1940. Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, BARNES and PATTERSON, JJ.

*C. B. Lenahan,* for appellant.

*James O. Loughlin,* with him *J. Gordon Mason* and *Thomas K. Fadden,* for additional defendant appellee.

*James P. Harris* for plaintiff appellee.

OPINION BY MR. JUSTICE BARNES, June 24, 1940:

The plaintiff was employed by the Republic Oil Company at its gasoline station in Kingston, Luzerne County. On the morning of September 7, 1937, he was engaged in fastening a gasoline pump to a concrete island on the station premises when an automobile driven by one Rex Huddy came over the curb and struck plaintiff in such manner that he sustained serious injuries.

The owner of the automobile was Michael Hanchulak, who resided in the borough of Edwardsville, which adjoins the city of Wilkes-Barre. The defendant, Consumers Finance Service, Inc., with its offices in the city of Wilkes-Barre, held an encumbrance upon the car, the payments of which were in default.

On the day in question the finance company instructed one of its employees, George T. Smith, to call at the residence of Hanchulak, repossess the car and deliver it to Sam Feldman, a dealer in used cars, doing business under the name of the Goodwin Auto Company, in the borough of Kingston, adjacent to Edwardsville.

It appears from the evidence that several days prior to the accident the manager of the finance company, in the course of a telephone conversation with Feldman, advised him that he thought it would be necessary to repossess the Hanchulak automobile, and made a tentative proposal to deliver the car to Feldman. The arrangement made was an indefinite one, as appears by the testimony of the manager, William H. Krimmel, who said: ". . . in the course of our casual conversation I told him I thought it would be necessary to repossess

this automobile, did he think he would take it and he said, yes, and I said, all right, sir, I will see that you get it. That was our conversation."

While enroute to take the car, Smith called at the Feldman place of business and requested Huddy, a salesman in the employ of Feldman, to accompany him to the Hanchulak home at Edwardsville, and assist him in re-possessing the car. Feldman was not on the premises at the time, and knew nothing of Smith's request for assistance. Upon arrival at Hanchulak's residence the car was found in the driveway and Smith took possession of it. The two men were unable to get the engine started, and they pushed the car into the street. Huddy, who was in the driver's seat, steered the car, while Smith in his automobile pushed it a distance of about thirty feet, until the motor finally started. Huddy then drove the car along the main street of Edwardsville in the direction of Feldman's establishment, with Smith following in his automobile. When Huddy reached a point about opposite to the gasoline station in near-by Kingston, he suddenly swerved the car, went over the curb and sidewalk into the station, and there struck and injured the plaintiff.

The present action in trespass was instituted by plaintiff against the Consumers Finance Service, Inc., alleging that it was the employer of Huddy at the time of the accident. Thereafter, by writ of scire facias, defendant brought in Feldman, trading as Goodwin Auto Company, as additional defendant asserting that when the accident occurred Huddy was in the employ of Feldman, and engaged on his business. Judgment by default was entered against the additional defendant, which was subsequently opened. An appearance was then entered and an answer filed on his behalf.

At the trial, the court gave binding instructions in favor of Feldman, but the issue of negligence and the question of Huddy's employment by the finance company was submitted to the jury. A verdict for plaintiff

in the sum of $9,500 was returned, and the motions of the original defendant for a new trial and for judgment non obstante veredicto were denied by the court in banc. This appeal is brought by the original defendant, assigning as error the refusal of these motions, the direction of a verdict for the additional defendant, and the opening of the judgment against him.

The record discloses no evidence upon which the jury might have found that Huddy was acting as Feldman's agent, engaged upon his business at the time of the accident. There were no definite arrangements whereby Feldman had agreed to accept the Hanchulak car from the finance company. He had been informed merely that delivery of the repossessed car would be made at his place of business. Nor is there any evidence that his assistance had been requested in obtaining possession of the vehicle. He employed Huddy solely as a salesman working on a commission basis. The mere fact of such employment is insufficient to establish that in this instance Huddy was acting as his agent in the absence of proof that he authorized him to coöperate with the finance company, or its employee Smith, in repossessing the automobile. See *Roberts v. Scott Bros., Inc.*, 315 Pa. 341; *Gittelman v. Hoover Co.*, 337 Pa. 242, 245. The direction of a verdict in favor of the additional defendant was therefore proper.

The liability of the original defendant for the acts of Huddy depends upon the question whether Smith, its employee, had express or implied authority to obtain Huddy's assistance in the repossession of the car. The general rule applicable to situations of this type is stated in many of our decisions. We said in *Corbin v. George*, 308 Pa. 201, speaking by the present Chief Justice, (p. 204) : "The relation of master and servant cannot be imposed upon a person without his consent, express or implied. The exception to this rule is that a servant may engage an assistant in case of an emergency, where he is unable to perform the work alone."

See also *Flower v. Penna. R. R. Co.*, 69 Pa. 210; *Byrne v. The Pittsburgh Brewing Co.*, 259 Pa. 357; *Kirk v. Showell, Fryer & Co., Inc.*, 276 Pa. 587; *D'Allesandro v. Bentivoglia*, 285 Pa. 72; *Tusko v. Lynett*, 326 Pa. 449; *Jacamino v. Harrison Motor Freight Co.*, 135 Pa. Superior Ct. 356.

In the present case we have searched the record in vain for evidence that Smith was instructed to engage an assistant. Certainly his authority to do so cannot be implied from the nature of the service which he was directed to perform. The repossession of the car was not such a task as "to require, as a necessary incident, the employment of outside help": See *Tusko v. Lynett*, supra, (p. 452). In this respect, the present case is clearly distinguishable from *Kirk v. Showell, Fryer & Co., Inc.*, supra, where it appeared (p. 592): ". . . that the article, carried by direction of the master, was of such size and weight as to require the aid of an assistant in handling, thus creating a necessity which justified the driver in securing aid."

It does not appear that the finance company or Smith himself had reason to anticipate that any difficulties would be encountered in obtaining the car. Plaintiff contends that Smith could not have been expected to drive both his own car and the one he was sent to repossess. But his employer had no knowledge, so far as the record indicates, that Smith intended to use his automobile for this purpose, or that some other means of transportation was not available. Unquestionably, it served Smith's convenience to have Huddy accompany him, "but this comes far short of a necessity calling for assistance": See *Byrne v. The Pittsburgh Brewing Co.*, supra, (p. 363); *Tusko v. Lynett*, supra; *Jacamino v. Harrison Motor Frt. Co.*, supra.

We fail to see that there was any emergency confronting Smith which made it essential that he entrust the operation of the repossessed car to Huddy. The fact that the automobile failed to start, and that Smith, alone,

was unable to push it, created a difficulty in the performance of his task, but did not constitute an emergency. Smith was in possession of the keys to the car, and the situation was not one of such urgency that he could not have requested further instructions from his employer. It is only where "an unforeseen contingency arises making it impracticable to communicate with the principal and making such an appointment reasonably necessary for the protection of the interests of the principal entrusted to the agent," that an agent may be said to have implied authority to employ an assistant. See Restatement, Agency, Section 79 (d) ; *Jacamino v. Harrison Motor Freight Co.,* supra.

The cases of *Madara v. Railway Co.,* 192 Pa. 542, and *Quinn v. Railway Co.,* 7 Pa. Superior Ct. 19, upon which plaintiff relies, afford no parallel to the situation here presented. In both of those cases the servant of the defendant railway was confronted by a sudden emergency threatening the safety of many passengers, and the circumstances made it impossible for him to communicate with his employer or avert the danger without assistance.

Furthermore, even if it be assumed that the difficulty in starting the car created a need for the assistance of Huddy, it seems to us that any such necessity ceased to exist when the motor started. There was then no further reason for Huddy to operate the vehicle.

We therefore conclude that there is no evidence in the present case to justify a finding by the jury that Huddy was acting as the agent or servant of the defendant finance company at the time when the accident occurred, and that the court below should have directed a verdict in its favor. The refusal of its motion for judgment non obstante veredicto was error, and must be reversed. In view thereof it is unnecessary for us to consider the question whether Huddy was negligent, and, as plaintiff concedes that the court below did not abuse its discretion in ordering the judgment against Feldman

to be opened, this assignment of error may also be dismissed without further discussion.

The judgment of the court below is reversed, and is here entered for the appellant upon the whole record.