## Fritz et al. v. Smith

*Harry B. Crytzer*, for plaintiffs.
*William S. Morrow*, for defendant.

RICE, P. J., October 15, 1942.—This is an action of trespass brought to recover damages for injuries to E. B. Fritz, a minor. At the trial, upon the close of plaintiffs' testimony relating to negligence, the trial judge, upon motion of defendant, without hearing any testimony relating to damages, granted a nonsuit on the ground that plaintiffs' own testimony clearly disclosed the fact that, at the time of the accident, the injured minor was standing on the running board of defendant's moving automobile.

According to the testimony of plaintiffs, giving them the benefit of every fact and every inference, the facts are these: On July 11, 1939, about 9 p.m., while the plaintiff, then 17 years of age, and a guest of his family, Doris Rose, then 12 years of age, were sitting in his automobile, which was parked along the side of a private lane leading from a public road, at a point

near a bridge, to the buildings on the property of the minor plaintiff's father, a Ford coupé, driven by defendant, in which Paul Fortney and James Bruner were guest passengers, came down the lane and stopped near the minor plaintiff's car, when all five young people engaged in some conversation; then defendant drove his car down the lane, turned around and returned to the place where the other car was parked, and James Bruner, who was sitting to the extreme right of the only seat in the Ford coupé, invited Doris Rose to get into the Smith car; she accepted the invitation and sat on James Bruner's lap; then defendant said to the minor plaintiff: "Hop on the side, Fritzie, and we will take you to the bridge, but we won't bring you back"; the minor plaintiff then stepped on the running board of the Smith car on the right side, stood on it and put his head and shoulders inside of the open window on the right side; defendant then drove his car up the lane, and when they reached the public road, he did not stop but kept on going, proceeding on the hard road for about half a mile and on a dirt road for about two miles to a point where the dirt road made a left-hand turn, at which point defendant's car turned over to its right, injuring the minor plaintiff; shortly before they reached this turn, the minor plaintiff said: "Take it a little careful, I am on the outside of the car", and as they were about to round the turn, defendant said: "Watch me go around this one"; when defendant failed to stop when they came to the hard road, the minor plaintiff asked why defendant did not stop to let the minor plaintiff and Doris Rose get off the car, and defendant replied that he was going to show Doris some thrills.

Plaintiffs claim the trial judge granted a nonsuit before they closed their case. The record shows that, just prior to the motion for the nonsuit, counsel for plaintiffs announced that they rested on the question of negligence. According to Pa. R. C. P. 224, which

provides: "The court may compel the plaintiff in any action to produce all his evidence upon the question of the defendant's liability before he calls any witness to testify solely to the extent of the injury or damages. The defendant's attorney may then move for a nonsuit"; a motion for a nonsuit was in order, and the granting of the nonsuit was not premature. The practice prior to the said rule was the same: First National Bank of Pittsburgh v. Baird, 300 Pa. 92.

The testimony relating to the minor plaintiff's standing on the running board of defendant's car was clear and convincing; there was no inconsistency or contradiction in it; and there was no necessity to have the jury determine whether or not the injured plaintiff was standing on the running board at and before the time of the accident. Hence, it was a case for the strict application of the rule of law laid down or reiterated in the cases of D'Allesandro et al. v. Bentivoglia et al., 285 Pa. 72, Schomaker v. Havey, 291 Pa. 30, Lettieri v. Blaisden, 101 Pa. Superior Ct. 423, Hough et al. v. American Reduction Company of Pittsburgh, 315 Pa. 234, Valente v. Lindner, 340 Pa. 508, and Srednick v. Sylak et al., 343 Pa. 486, to the effect that a person who stands on the running board of a moving vehicle is guilty of contributory negligence as a matter of law in an action against the driver of such moving vehicle. There can be no doubt that plaintiff's weight on the extreme right side of defendant's car made a very material contribution to the upsetting of the car to its right, as his weight caused the center of gravity of the car to shift to the right; if he had not been on the right-hand running board, the accident might not have occurred.

Counsel for plaintiffs contend that, because the injured plaintiff was between 17 and 18 years of age at the time of the accident, the question of his contributory negligence should have been submitted to the jury. This cannot be sustained: D'Allesandro v. Bentivoglia, supra; Block et al. v. Grossman et al., 293 Pa. 258;

Rice et al. v. Kring, 310 Pa. 550; Miller et al. v. Erie et al., 340 Pa. 177.

Counsel for plaintiffs also contends that, when defendant said: "Hop on the side, Fritzie, and we will take you to the bridge, but we won't bring you back", the injured plaintiff, in accepting the invitation, assumed the risk of his position on the running board only as far as the bridge and did not assume any risk beyond that point, and stresses the case of McFadden v. Pennzoil Co., 341 Pa. 433, as an authority for his point. We cannot see how the McFadden case is applicable to the pending case. In the McFadden case the danger of the position of the injured man on defendant's truck ended when the truck came to the end of its journey and stopped; after the truck stopped the injured man was told to get off, and while doing so and putting himself in a position that was not dangerous when the truck was not in motion, the driver suddenly, without warning to the deceased, put the truck in motion and the deceased was thrown off to the ground and injured. When the minor plaintiff in the pending case assumed his position on the running board of defendant's car, knowing that it was about to be operated by defendant, he assumed all the risks of his position, not only to the bridge but also while the car was being operated to the point of the accident. The negligence of defendant relied upon by plaintiffs, as disclosed by the statement of the claim, was defendant's manner of operation of his vehicle, not his failure to stop at the bridge. The latter would, from the most favorable aspect, be a breach of promise, a failure to do what defendant promised, and would not be a cause of action under tort law, as it relates to the operation of motor vehicles. If defendant had promised to drive his car at a speed not in excess of 10 miles an hour, the minor plaintiff, in getting on the running board, assumed the risk that defendant would exceed a 10-mile speed. The minor plaintiff assumed every risk incident to his posi-

tion on the running board and resulting from any negligence of defendant.

### Order

And, now, October 15, 1942, plaintiff's motion to take off the nonsuit is refused. Exception granted.