John A. Morley, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, State Workmen's Insurance Fund and Borough of Glenfield, Respondents.

Argued December 3, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

David M. McCloskey, of Will & Keisling, for petitioner.

Martin W. Bashoff, with him, John O'Connor and Brian R. Steiner, Special Assistant Attorney General, for respondents.

OPINION BY JUDGE ROGERS, January 28, 1980:

John A. Morley has appealed from an order of the Workmen's Compensation Appeal Board which reversed a referee's decision awarding him benefits for total disability.

On a day in July 1973, Morley, then 72 years of age and a resident of St. Petersburg, Florida, but who had once been Mayor of Glenfield Borough, Allegheny County, made a social call at the home of his old friend Paul Cernansky, the Glenfield Borough Police Chief. During the visit a telephone message was received informing Chief Cernansky that an automobile accident had occurred a short distance from the Cernansky home. Morley testified that Chief Cernansky said to him "Let's go"; Chief Cernansky

testified that Morley said "I will ride along with you." They went together—Chief Cernansky driving his police car. There is agreement as to what happened at the scene of the accident. Chief Cernansky parked the police car and went on foot to the place where one of the vehicles involved in the accident was suspended on a guard rail or cable. Chief Cernansky remained at that location long enough to ascertain that a tow truck would be needed to disengage the vehicle and then turned back to the police car when he saw Morley standing in the highway apparently directing traffic. At the same moment he saw that Morley was in danger of being struck by a skidding vehicle, as unfortunately happened. Chief Cernansky did not direct, ask or suggest that Morley direct traffic at the scene of the accident; indeed Chief Cernansky was not aware that Morley was doing so until he turned from the disabled vehicle to return to the police car.

The referee found as facts that Morley was "commandeered" by Chief Cernansky to assist at the scene of the accident and that Morley was serving as an auxiliary policeman of Glenfield Borough at the time he was injured. The referee's conclusion of law was that Morley was entitled to benefits because he sustained injuries while serving in the capacity of auxiliary policeman for the Borough of Glenfield. We agree with the Appeal Board which in reversing the referee concluded that Morley was not an auxiliary policeman of Glenfield Borough.

Section 104 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §22b, which the referee must have had in mind in his conclusion, provides that auxiliary police of municipalities, including boroughs, shall be entitled to compensation for injuries received while engaged as policemen. Unfortunately for the claim-

ant in this case, the status of auxiliary policeman referred to in Section 104 of the Workmen's Compensation Act is not one which can be casually conferred by the municipal chief of police when he believes the occasion warrants. The position of auxiliary policeman is the subject of the Act of January 14, 1952, P.L. (1951) 2016, 53 P.S. §731 et seq., and exists only upon nomination by the police chief, confirmation by the mayor, and the execution of written oath. By Section 4 of the Act, 53 P.S. §734, the *mayor* may call auxiliary police to active duty. *See Commonwealth v. Ward,* 235 Pa. Superior Ct. 550, 344 A.2d 650 (1975). Morley, having none of the qualifications of an auxiliary policeman of Glenfield Borough, was clearly not acting in the capacity of an auxiliary policeman when he was injured.

Morley additionally says that he was engaged by Chief Cernansky as an employee of the Borough to assist at the location of the accident. The general rule is that the relation of employer and employee cannot be imposed on a person without his consent, expressed or implied. Morley's argument is that the circumstances on the day of his injury were such as to bring him within an exception to the general rule which provides that a servant may engage an assistant in the case of an emergency where he, the servant, is unable to perform the employer's work alone. He says that the referee's finding that he, Morley, was "commandeered" by Chief Cernansky imports that he was engaged as Chief Cernansky's assistant and a borough employee. The existence of an emergency is essential to the operation of the exception. *Byrne v. Pittsburgh Brewing Co.,* 259 Pa. 357, 103 A. 53 (1918). Manifestly there was here no emergency—that is, no " 'sudden or unexpected event which creates a temporarily dangerous condition usually necessitating immediate or quick action.' "

*Commonwealth v. Ward,* 235 Pa. Superior Ct. at 555, 344 A.2d at 652, *quoting Scaccia v. Old Forge Borough,* 373 Pa. 161, 163, 94 A.2d 563, 564 (1953). Cernansky testified that accidents just like this were commonplace, that he routinely handled them without assistance and that when an emergency arose he depended on police from neighboring municipalities, not lay people.

Order affirmed.

ORDER

AND Now, this 28th day of January, 1980, the order of The Pennsylvania Workmen's Compensation Appeal Board dated August 10, 1978 is affirmed.

Judge DiSALLE did not participate in the decision in this case.