606 A.2d 578

**BOROUGH OF PHOENIXVILLE and Old Republic Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (COLLEDGE), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1991.

Decided March 18, 1992.

454

John C. Jackson, for petitioners.

Robert P. Snyder, for respondent.

Before PALLADINO and SMITH, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

The Borough of Phoenixville (employer) and its insurer Old Republic Insurance Company (collectively, the Borough) appeal the January 24, 1991 order of the Workmen's Com-

pensation Appeal Board (Board) which affirmed a referee's award of benefits to Norman Colledge (Claimant). We affirm the Board's order.

On December 27, 1988, Claimant filed a workmen's compensation claim petition against the Borough, which alleged that Claimant broke his leg on July 6, 1988, while Claimant was helping a Borough fireman "prevent catastrophe." The Borough filed an answer opposing the claim petition, and the case was heard before a workmen's compensation referee who decided that Claimant was eligible for workmen's compensation benefits from the Borough because an employment relationship between Claimant and the Borough was created when the Borough fireman engaged Claimant's assistance during a fire emergency which the fireman could not handle on his own.

The Borough timely appealed the referee's adverse decision to the Board which did not take additional evidence. On January 24, 1991, the Board issued an opinion and order affirming the referee's decision on the grounds that the referee's fact-findings were supported by substantial evidence of record and the referee's conclusions of law were not erroneous. *See, e.g., Czap v. Workmen's Compensation Appeal Board (Gunton Corp.)*, 137 Pa.Commonwealth Ct. 612, 587 A.2d 49 (1991) (Board's scope of review). The Borough now appeals to the commonwealth court from the Board's January 24 order awarding workmen's compensation benefits to Claimant.

Where, as here, the Board has not taken additional evidence, our scope of appellate review is limited to determining whether crucial fact-findings of the referee were unsupported by substantial evidence of record,[1] whether an error of law was committed, or whether constitutional rights were violated. *Czap; Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Com-

---

1. Substantial evidence is that evidence which "a reasonable mind would accept as adequate to support a conclusion." *City of New Castle v. Workmen's Compensation Appeal Board*, 65 Pa.Commonwealth Ct. 25, 29 n. 2, 441 A.2d 803, 806 n. 2 (1982).

monwealth Ct. 436, 550 A.2d 1364 (1988). The Borough's appeal raises a single issue: whether the Board erred as a matter of law by affirming the referee's legal conclusion that Claimant's July 6, 1988 assistance of a Borough fireman during a fire emergency created an employment relationship between Claimant and the Borough.[2]

■ To be eligible for workmen's compensation benefits, a claimant must first prove that he was injured while in an employee-employer relationship. *Morley v. Workmen's Compensation Appeal Board,* 49 Pa.Commonwealth Ct. 98, 410 A.2d 110 (1980); *Heilner v. Workmen's Compensation Appeal Board,* 38 Pa.Commonwealth Ct. 494, 393 A.2d 1085 (1978); *B & B Camper Sales v. Workmen's Compensation Appeal Board,* 7 Pa.Commonwealth Ct. 323, 300 A.2d 304 (1973). The existence of an employment relationship is a question of law which must be resolved on the particular facts of each case. *Northern Central Bank and Trust Co. v. Workmen's Compensation Appeal Board (Kontz),* 88 Pa.Commonwealth Ct. 277, 489 A.2d 274 (1985); *Jay Lines, Inc. v. Workmen's Compensation Appeal Board,* 66 Pa.Commonwealth Ct. 299, 443 A.2d 1370 (1982); *Workmen's Compensation Appeal Board v. American Mutual Liability Insurance Co.,* 19 Pa.Commonwealth Ct. 502, 339 A.2d 183 (1975). "The rules for determining the existence of the relationship of employer and employee are the same as those at common law for ascertaining the relationship of master and servant." *American Mutual Liability Insurance Co.,* 19 Pa.Commonwealth Ct. at 506, 339 A.2d at 186; *accord Byrne v. Pittsburgh Brewing Co.,* 259 Pa. 357, 103 A. 53 (1918).

Although the general rule is that an employment relationship cannot be formed without a person's or entity's (here,

**2.** In accordance with Pa.R.A.P. 2116, the Borough's appellate brief contains a statement of the questions involved in this appeal. Five separately numbered questions are listed in the Borough's brief. However, the five questions merely present different formulations of the same issue. All five questions concern the single issue of whether Claimant's aid to a Borough fireman during a fire emergency established Claimant's employment relationship with the Borough.

the Borough's) express or implied consent to the relationship, some exceptions to the rule are recognized. *Byrne; Morley; American Mutual Insurance Co.* Claimant argued, and the Board and the referee agreed, that Claimant's July 6, 1988 assistance to a Borough fireman brought Claimant within the common-law emergency exception to the rule for formation of employment relationships.

■ The emergency exception was most recently analyzed by the commonwealth court in *Morley* where the court explained that when, during an emergency, an employee engages an assistant to help accomplish work for the employer which the employee cannot perform on his own, an employment relationship between the employer and the assistant is created within the meaning of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.[3] *See also Byrne* (for purposes of tort action, employment relationship created by employee's engaging of assistant during an emergency). Consequently, there are two elements to the emergency exception which a claimant must prove in order to establish the existence of an employment relationship.

■ First, a claimant must prove the occurrence of an emergency. The Supreme Court of Pennsylvania has defined an emergency as "a sudden or unexpected event which creates a temporarily dangerous condition usually necessitating immediate or quick action." *Scaccia v. Old Forge Borough,* 373 Pa. 161, 163, 94 A.2d 563, 564 (1953), *quoted in Morley.*

With respect to the occurrence of an emergency on July 6, 1988, the referee made the following pertinent fact-findings which the Borough does not contest on appeal:

2. ... Claimant observed smoke at the end of the street at a residential area and went to the scene. [Tr. 6–7]

**3.** Contrary to the Borough's contention, sections 104 and 601 of The Pennsylvania Workmen's Compensation Act, as amended, 77 P.S. §§ 22, 22b, 22c, 22d and 1031, do not present an exhaustive listing of the individuals who qualify as employees for the purposes of receiving workmen's compensation benefits. *Morley.*

3. Upon arrival at the scene, the Claimant observed one fire truck with one fireman, Matt Fink, a full time employee of the Borough of Phoenixville, the fire truck having been the truck of the volunteer fire company known as the Phoenixville Hook and Ladder Company # 1. [Tr. 7, 9]

4. At the time of the Claimant's arrival at the scene of the fire, a brush fire was present, in the area of a field adjacent to a row of homes, and also adjacent to an embankment. [Tr. 7–8, 11–12]

5. At the time of the Claimant's arrival at the scene, Matt Fink, the fire fighter was engaged in putting the fire out. The direction of the wind was causing the fire to spread toward an adjacent row of homes on the next street over an embankment. [Tr. 7, 10, 12]

5. At the time of the Claimant's arrival at the scene, Matt Fink, the fire fighter was engaged in putting the fire out. The direction of the wind was causing the fire to spread toward an adjacent row of homes on the next street over an embankment. [Tr. 7, 10, 12]

Referee's January 25, 1990 Decision at 1–2 (the added references to the portions of the transcript which support the quoted fact-findings signify the transcript of the March 7, 1989 hearing before the referee). We hold that these determinations of the referee are tantamount to a finding that, at the time of Claimant's participation in the July 6 incident, an emergency was occasioned by the movement of the fire toward a nearby row of homes.[4] Our holding is consistent with the language in the referee's conclusion of law concerning the existence of an employment relationship because, in expounding that legal conclusion, the referee specifically referred to the July 6 incident as an emergen-

4. We also hold that these fact-findings are supported by substantial evidence of record because they are consistent with Claimant's testimony at the March 7, 1989 hearing before the referee. Tr. 7–12. Although three hearings were held before the referee, only Claimant testified as a witness. Claimant was cross-examined by counsel for the Borough. No evidence was presented on behalf of the Borough.

cy.[5] Referee's January 25, 1990 Decision, conclusion of law 1, at 2.

■ Second, a claimant must prove that his services were solicited on behalf of the employer. An individual who spontaneously injects himself into an emergency situation constitutes a volunteer who is not eligible for workmen's compensation benefits whereas an individual who responds to a request for emergency assistance on behalf of an employer constitutes an employee who is eligible for workmen's compensation benefits. *See, e.g., Morley; Schreckengost v. Gospel Tabernacle,* 188 Pa.Superior Ct. 652, 149 A.2d 542 (1959); *Fekete v. Lehigh & Wilkes–Barre Coal Co.,* 71 Pa.Superior Ct. 231 (1919); *see also Byrne.*

■ Regarding whether Claimant's participation in the July 6, 1988 incident was triggered by Claimant's spontaneous rendering of assistance or was triggered by the fireman's solicitation of Claimant's assistance, the referee made the following pertinent fact-findings:

2. ... Claimant observed smoke at the end of the street at a residential area and went to the scene. [Tr. 6–7]

....

5. At the time of the Claimant's arrival at the scene, Matt Fink, the fire fighter was engaged in putting the fire out.... [Tr. 7]

6. Claimant recognized the fireman, whom he had known as a previous personal acquaintance, and *asked if he needed any help,* the fireman then replying in the affirmative, *directing the Claimant to run up the embankment so as to be able to tell to the fireman how far the flames were from the row of homes on the next street.* [Tr. 7, 11–12, 19–20]

7. *Under the direction of the fireman,* the Claimant attempted to run to the area to ascertain the requested

5. A referee's labelling of a determination as a conclusion of law or as a fact-finding is not dispositive of whether the determination is a conclusion of law rather than a fact-finding. *American Mutual Liability Insurance Co.; Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973).

information and, while in the process of climbing the embankment, fell, sustaining compound fractures of the right tibia and fibula. [Tr. 11–16; Claimant's Exhibit C–2]

. . . .

9. At the time the Claimant was injured, he was *subject to the direction and control of the fireman at the scene,* who was a paid employee of the Defendant Borough of Phoenixville, employed as a driver of the fire engine for the Phoenixville Hook and Ladder Company, a volunteer fire company. [Tr. 7, 11–12, 19–20]

Referee's January 25, 1990 Decision at 1–2 (emphasis added in fact-findings 6, 7, and 9; the added references to the portions of the transcript which support the quoted fact-findings signify the transcript of the March 7, 1989 hearing before the referee).

Claimant's testimony about the July 6 incident is consistent with the referee's determinations in fact-findings 6, 7, and 9 that Claimant's participation in the incident was solicited by the fireman who, upon receiving Claimant's impromptu offer of assistance, specified a particular task for Claimant to perform, namely, the climbing of an embankment to ascertain and report to the fireman the proximity of the fire to certain homes near the scene of the fire. March 7, 1989 Hearing, Tr. 7–16. Otherwise stated, Claimant's testimony shows that, although Claimant's offer of assistance was self-initiated and unprompted by the fireman, Claimant did not render assistance to the fireman in a spontaneous manner of Claimant's own choosing. The manner in which Claimant provided assistance to the fireman was expressly requested and directed by the fireman. Therefore, we conclude that substantial evidence of record supports fact-findings 6, 7, and 9.

Having decided (1) that substantial evidence of record supports the referee's finding that an emergency existed on July 6, 1988 as a result of a fire near a row of homes and (2) that substantial evidence of record supports the referee's finding that Claimant's participation in the July 6 incident

stemmed from the fireman's request for and direction of Claimant's specific assistance, we hold that the Board did not err as a matter of law by affirming the referee's legal conclusion that Claimant established the existence of an employment relationship with the Borough on July 6, 1988 and therefore could qualify for workmen's compensation benefits stemming from his involvement in the July 6 incident.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, March 18, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.