# Hull, Appellant, v. Bowers.

*Negligence—Electric railway—Automobiles—Riding in unusual position on electric car—Proximate or remote cause—Contributory negligence—Nonsuit.*

1. A person injured by the negligence of another is not deprived of all remedy merely because, at the time of the accident, he was occupying an unusual position in a conveyance, unless he thereby coöperated in causing his injury.

2. Where an employee of a company operating an electric railway, takes his seat in a work car of his employer in such a position that his feet rest upon a step extending beyond the line of the cars, and he is injured by the negligent backing of an automobile out of an alley extending at right angles to the street on which the work car was passing, it is reversible error for the court to enter

a nonsuit in a suit by the injured man against the owner of the automobile, because of the alleged contributory negligence of the plaintiff.

3. Plaintiff's position in the car was but a condition and not the cause of the injury.

4. Had the suit been against the owner of the work car, a different question would be presented.

Argued March 7, 1922. Appeal, No. 6, Jan. T., 1922, by plaintiff, from order of C. P. Adams Co., Nov. T., 1919, No. 64, refusing to take off nonsuit in case of Charles Hull v. Harry E. Bowers. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before McPHERSON, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take it off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*John A. Hoober*, with him *R. E. Wible*, for appellant. —The fact that plaintiff was sitting on the platform of the car does not preclude recovery as his unusual position was not the cause of the accident, and in no way contributed thereto: McClung v. Cab Co., 252 Pa. 478; McCaffrey v. Lukens, 67 Pa. Superior Ct. 231.

*J. Donald Swope*, for appellee.—Plaintiff was guilty of contributory negligence as a matter of law: Bainbridge v. Traction Co., 206 Pa. 71; Kirchner v. Ry., 210 Pa. 45; Harding v. Transit Co., 217 Pa. 69; Wood v. Traction Co., 36 Pa. Superior Ct. 483; McDade v. Transit Co., 215 Pa. 105; Ramsey v. Ry., 35 Pa. Superior Ct. 598; Gaffney v. Traction Co., 211 Pa. 91.

OPINION BY MR. JUSTICE SCHAFFER, March 27, 1922:

Plaintiff sued to recover damages for personal injuries; at the close of his case the court entered a nonsuit which it refused to take off; plaintiff appeals.

The facts are not in dispute. Appellant was employed by the Hanover Light, Heat & Power Company, and was riding on a work car belonging to it, running on its electric railway. The car was without windows or platform and had a door at the rear which opened on a step, extending an inch or two beyond the line of the body of the car; plaintiff was seated on the floor of the car with his feet on this step. There was space inside the car where other employees were standing, and where plaintiff could have remained had he so desired.

Defendant was backing a closed automobile out of an alley extending at right angles to the street on which the work car was passing; when the car came opposite the alley the backing automobile crashed into it, seriously injuring appellant. There was full opportunity for the defendant to observe the approaching car.

The view of the court below, when it entered the nonsuit, and the contention of appellee's counsel before us, is that plaintiff, in occupying the position on the car he did, which was one of known danger, was guilty of contributory negligence, and therefore cannot recover, relying upon such cases as Lehigh Valley R. R. Co. v. Greiner, 113 Pa. 600; Wood v. Chester Traction Co., 36 Pa. Superior Ct. 483; Thane v. Scranton Traction Co., 191 Pa. 249; Bainbridge v. Union Traction Co., 206 Pa. 71; Kirchner v. Oil City Street Railway Co., 210 Pa. 45; Gaffney v. Union Traction Co., 211 Pa. 91; McDade v. Phila. Rapid Transit Co., 215 Pa. 105; and Harding v. Phila. Rapid Transit Co., 217 Pa. 69, holding it to be negligence to ride on the platform or side-step or running-board of a car. These cases would be controlling against plaintiff's right of recovery against his employer, the operator of the car, but as the suit is against a third person, the owner and operator of the automobile which backed into the car, they have no application. The car had the same privilege to traverse the street as any other vehicle, and those riding on it, the right to assume that other users of the highway would

be regardful of them, and take due care not to collide with the car to their injury. It certainly could not be maintained, if plaintiff had occupied a similar position to that which he had on the car, in an automobile or wagon driving along the street, and defendant had backed into it, and injured him, that defendant's position in the automobile or wagon would impute any negligence to him; the fact that he was riding in a trolley car under the circumstances here appearing can make no difference in the application of legal principles affecting the users of highways.

In McClung v. Penna. Taximeter Cab Co., 252 Pa. 478, where there was a collision between two automobiles, plaintiff at the time of the accident was sitting on the floor of one of them with his feet on the running-board; there we said, speaking of his position: "It bears no analogy to the case of a passenger voluntarily standing on the bumpers or footboard of a car, or riding with his feet between a car and the engine. The cause of the accident was the violent collision, resulting, as the jury found, from defendant's negligence, and not because of the place plaintiff occupied on his car. His being there was merely a condition, not the cause of the accident. A person injured by the negligence of another is not deprived of all remedy merely because at the time he was occupying an unusual position in a conveyance, unless he thereby coöperated in causing his injury." While the circumstances were different in Little v. Central District & Printing Telegraph Co., 213 Pa. 229, the principle there invoked is applicable here: "It is not of itself negligence for a person riding in a wagon on a public highway to permit his feet or arms to extend beyond the side of the vehicle. When one is injured while occupying such position, it is for the jury to determine whether he was, at the time, exercising the care required by the circumstances, unless the danger was so apparent that a reasonably prudent person would not have taken the risk." It appeared in Thirteenth and Fifteenth

Street Passenger Railway Co. v. Boudrou, 92 Pa. 475, that the plaintiff was riding on the rear platform of a crowded street car and was struck by the pole of the car following, and it was there held, in riding in this place he was not guilty of contributory negligence; that although the accident would not have happened had he not been in that position, yet the position was but a condition, and not the cause of the injury, and that the court properly withheld from the jury the question of contributory negligence.

It is clear from the foregoing authorities that, under the facts as they were established, plaintiff is entitled to have his case passed upon by a jury and the court was in error in entering a nonsuit.

The order refusing to take off the nonsuit and the judgment in favor of defendant are reversed, with a procedendo.