# Robinson *v.* American Ice Co., Appellant.

*Negligence — Automobiles — One-way drive — Duty of driver—Case for jury—Evidence—Traffic signs.*

1. Where an operator of a vehicle uses a one-way drive against traffic, he must proceed with more than ordinary care, as traveling in that direction is not to be anticipated by users.

2. If the evidence shows the driver on such a way is driving his team on a fast trot, not under sufficient control, and not on the right side of the road, the question of his negligence is for the jury.

3. In such case traffic signs are properly admissible to show the way was a one-way road.

*Negligence—Automobiles—Contributory negligence—Riding on step of truck—Presumption—Case for jury.*

4. The test for contributory negligence is whether the act constituting the negligence contributed in any degree to the production of the injury.

5. Where a person assumes a position of danger when there is another safe place to which he may go, and by reason of this position is injured, ordinarily there can be no recovery against another who may be negligent.

6. It is not always negligence to stand on the running board or step of an automobile or truck, though ordinarily the position is considered dangerous.

7. If there is any question as to whether plaintiff's position was dangerous or lacking in the exercise of the care required under the circumstances and contributed to the injury, it is for the jury to determine.

8. If a person's position on the step of a truck is not in any degree more unsafe as it related to the driver of another truck alleged to be negligent, than any other position on the truck would

have been, no presumption of negligence can arise against him either in fact or in law, and the court must so declare.

9. Such person has a right to assume that the other driver would be regardful of his duties to and the rights of others on the highway, and take care not to collide with him.

*Negligence—Automobiles—Evidence—Marked photograph.*

10. Objection to the admission of a photograph in an accident case, showing a mark designating the place of the occurrence, is without merit, where it appears that the jury had the benefit of the examination and cross-examination of a witness regarding the mark, and thoroughly understood the circumstances.

11. In such case, while the trial court might have ordered the mark erased from the photograph, its failure to do so was not error.

Argued December 7, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 298, Jan. T., 1927, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1926, No. 3207, on verdict for plaintiff, in case of William Robinson v. American Ice Co. Affirmed.

Trespass for personal injuries. Before PARKER, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $10,000 on which judgment was entered for $8,000. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Frank R. Savidge,* for appellant.—Plaintiff is not entitled to recover because defendant was not negligent and plaintiff was guilty of negligence: Thane v. Traction Co., 191 Pa. 249; Harding v. Traction Co., 217 Pa. 69; Kelly v. Northampton Society, 286 Pa. 97.

It was error prejudicial to defendant for the court to permit evidence to be introduced by plaintiff as to traffic signs on the driveway.

It was error for the trial court to admit plaintiff's photograph, and refuse defendant's motion to strike from it the cross made by plaintiff as indicating the place of the accident and the position of the truck.

*William Charles Brown,* for appellee, cited as to the alleged contributory negligence: Creed v. R. R., 86 Pa. 139; Thirteenth and Fifteenth Street Pass. Ry. v. Boudrou, 92 Pa. 475; Little v. Tel. Co., 213 Pa. 229; McClung v. Cab Co., 252 Pa. 478; Washington v. Gulf Refining Co., 257 Pa. 157; Hull v. Bowers, 273 Pa. 429; Scheer v. Melville, 279 Pa. 401; Nelson v. Traction Co., 276 Pa. 178.

OPINION BY MR. JUSTICE KEPHART, January 23, 1928:

Plaintiff recovered a verdict and judgment in an action of trespass for negligence, and defendant appeals. Appellee, an employee of the American Engineering Company, while riding on the left front step of a Ford truck, property of his employer, was knocked to the ground and severely injured by defendant's ice wagon. The truck was being operated on a one-way, fifteen-foot, private road in his employer's plant. The driver of the truck, on nearing a left turn in the road, observed the ice wagon team proceeding at a fast trot to the same turn from the opposite direction. A pile of castings obscured the view of both drivers until the bend in the road was reached, but the truck on which plaintiff was riding had stopped, or was traveling very slowly, on the straight part of the roadway, near to the bend, when the accident happened. Defendant's ice wagon occupied the center of the road, and when it swung around the corner, the driver saw the truck. He attempted to clear it by pulling his horses sharply to his right; in doing so, the wagon pole was raised and swept across the side of the truck, striking plaintiff.

Appellant contends first no negligence was shown. It appeared that the road was a one-way drive, but defend-

ant had authority to use it against traffic, the usual exit being blocked by freight cars. However, where an operator of a vehicle uses a one-way drive against traffic, he must proceed with more than ordinary care, as traveling in that direction is not to be anticipated by other users. The team was on a fast trot, not under sufficient control, and not on the right side of the road. Viewing the evidence in the light most favorable to plaintiff, it was sufficient to warrant the finding that defendant was negligent.

Appellant also contends plaintiff was guilty of contributory negligence: (1) in riding on the step of the truck; and (2) because he stood so as to obscure his driver's view of the road to the left.

The test for contributory negligence is whether the act constituting the negligence contributed in any degree to the production of the injury: Creed v. P. R. R., 86 Pa. 139, 145; Gould v. McKenna, 86 Pa. 297, 303. If it did, there can be no recovery. Where a person assumes a position of danger when there is another safe place to which he may go, and by reason of this position is injured, ordinarily there can be no recovery against another who may be negligent, the injured person's position in itself being a contributing cause: Schomaker v. Havey, 291 Pa. 30. Whether or not the position of the present plaintiff on the running board was dangerous and contributed to the injury at the hands of defendant, depends on circumstances. We cannot hold as a matter of law that it is always such negligence to stand on the running board or step of an automobile or truck as will defeat recovery in case of injury, though ordinarily the position is considered dangerous (Schomaker v. Havey, supra), yet where the action arises because of the alleged negligence of some one other than the driver of the car, if there is any question whether plaintiff's position was dangerous, as lacking in the exercise of the care required under the circumstances, and contributed to his injury, it is for the jury to determine: Washing-

ton v. Gulf Ref. Co., 257 Pa. 157, 159; Little v. Telegraph Co., 213 Pa. 229, 237. As the circumstances here involved are related to this accident, no presumption of negligence can arise either in fact or in law.

There is nothing to show that plaintiff's position on the step was in any degree more unsafe as it related to third persons,—that is, those outside the truck and not connected with it,—than any other position on the truck would have been. Just before the accident, the truck was standing, or running very slow, in the straight part of the road within a foot of the curb on the right side, not having commenced to make the turn. It occupied a given space in the highway, and plaintiff's body did not extend out over that space. His position in relation to the wagon might be likened to that of a pedestrian lawfully on the highway, the sight of whom was obscured from defendant when driving around the corner. The action is against a third person whose negligence caused the injury, and not against the driver or owner of the car on which he was riding. The position of plaintiff on the truck is a mere incident in the line of defendant's unlawful act, which was not to be anticipated, and without which no harm would have resulted; it in no way contributed to the injury. He had the right to assume that the driver of the ice wagon would be regardful of his duties to and the rights of others on the highway, and take care not to collide with him. In principle, the case cannot be distinguished from Hull v. Bowers, 273 Pa. 429, where the opinion of Mr. Justice SCHAFFER clearly outlines the law. See also Nelson v. Johnstown Traction Co., 276 Pa. 178; McClung v. Penna. Cab Co., 252 Pa. 478; Gornstein v. Priver, 64 Cal. App. 249, 221 Pac. 396. As to such third party, plaintiff's position on the step was safe: Fitzpatrick v. Penfield, 267 Pa. 564, 574. See also Little v. Telegraph Co., supra.

Did plaintiff obscure the vision of the driver of the truck, and aid in making the accident possible? The court below submitted this question to the jury, but in

view of the position of the truck and plaintiff's position when the accident occurred, we cannot understand how this question could arise in the case. In any event, the jury found in favor of plaintiff, and we must hold his position did not, for this reason, contribute to the accident.

Defendant complains that the court committed prejudicial error by admitting evidence as to the traffic signs along the roadway. The evidence was offered for the purpose of showing this was a one-way road, and defendant was driving against traffic. Defendant did not deny this. As we said above, it is not negligence per se for one to drive against traffic regulations, but in doing so extraordinary care must be used. The fact that he is driving in opposition to traffic may, with other evidence of negligence, be admitted for the purpose of showing the state of mind of the driver of the vehicle. No harm was done defendant by the admission of this evidence.

The objection to the admission of the photograph with a mark showing the place of accident is without merit. The jury had the benefit of the examination and cross-examination of the witness regarding the mark. They were not misled by the admission. While the court below might have ordered the mark erased from the photograph, its failure to do so here was not error. The jury thoroughly understood the circumstances.

After a careful consideration of the case, the judgment is affirmed.