Lettieri, Appellant, v. Blaisden.

Argued March 2, 1931.

Before TREXLER, P. J., KELLER, LINN, GAW-
THROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*A. F. Vosburg,* and with him *A. A. Vosburg,* for appellant.

*O. B. Partridge,* for appellee.

OPINION BY DREW, J., April 15, 1931:

The plaintiff brought this suit to recover damages for personal injuries. At the close of his case the court entered a compulsory non-suit which it subsequently declined to remove; hence this appeal.

The plaintiff was riding as an invitee on the left running board of an automobile. The car was filled and plaintiff and three young men were standing on the running boards, two on each side of the car. At the intersection of Wheeler Avenue and Myrtle Street, in the city of Scranton, the car was run into in a right angle collision by a car driven by defendant. The plaintiff sustained injuries to one foot and leg. No one else was hurt, nor was either car damaged.

The single question in the case is whether the judgment of non-suit was properly entered. If the act of the plaintiff in riding on the running board of the car contributed in any degree to the production of his injury, he was guilty of negligence and cannot recover. If it did not, it is not to be considered: Creed v. P. R. R. Co., 86 Pa. 139, 145; Gould v. McKenna, 86 Pa. 297, 303.

In Schomaker v. Havey, 291 Pa. 30, it was held to be contributory negligence as a matter of law to stand on the running board of a moving automobile. Fol-

lowing this case, it was held, in Zavodnick v. Rose & Son, 297 Pa. 86, to be negligence per se to ride on the flat platform of an open truck. But in each of these cases suit was brought by the passenger against the owner of the car or truck on which he was riding, whereas in the present case the action is brought by the passenger against the driver and owner of another car whose neglience is alleged to have caused plaintiff's injury. It is an established principle of law in this state that where, as in the present case, a third party is defendant, the rule for contributory negligence as it exists between passenger and carrier, is relaxed to some extent, so that in a situation where plaintiff's position at the time of injury could be declared an unsafe one as related to his carrier, it might nevertheless be considered safe as to third parties, the exercise of due care on whose part is in no degree lessened by plaintiff's position: Little v. Telegraph Co., 213 Pa. 229; McClung v. Pa. Taximeter Cab Co., 252 Pa. 478; McCaffrey v. Lukens, 67 Pa. Superior Ct. 231; Hull v. Bowers, 273 Pa. 429; Robinson v. American Ice Co., 292 Pa. 366. In these cases it was held that the question of plaintiff's negligence must go to the jury.

This principle was recognized as recently as Zavodnick v. Rose & Son, supra, where, at page 91, the Supreme Court says: "The rule as to the safe position a passenger must assume is not so strictly held where he is injured by the wrongful act of a third party against whom the suit is brought."

In Robinson v. American Ice Co., supra, plaintiff was riding on the step of his employer's truck and defendant's ice wagon ran into him, knocking him to the ground. The court held that the position plaintiff occupied at the time he was struck was not a contributing cause of his injury, but was merely incidental thereto. We think that this can be properly said of plaintiff's position in the instant case. Here it is un-

doubtedly true that plaintiff's position on the running board of the automobile made possible his injury, but we are not prepared to go beyond this and hold that the trial court could say, as a matter of law, that such position contributed to cause plaintiff's injury.

Under the authorities already cited, plaintiff was entitled to have the question of his alleged contributory negligence submitted to the jury. We must therefore hold that the action of the court below in entering and refusing to remove the nonsuit was error.

Judgment reversed and a procedendo awarded.