## Sexauer v. Pittsburgh Railways Co., Appellant.

Argued October 2, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW,
JJ.

*William A. Challener*, with him *J. R. McNary*, for ap-
pellant.—Plaintiff was guilty of contributory negligence
in standing on the running board of the truck: Scho-
maker v. Havey, 291 Pa. 30; Robinson v. Ice Co., 292
Pa. 366.

Sexauer was guilty of contributory negligence because
he did not look for a car which was approaching on the
track on which the truck was stopped and which he

could have seen, had he looked: Kilgallen v. Transit Co., 300 Pa. 451; Magyar v. R. R., 294 Pa. 585; Rothweiler v. Traction Co., 93 Pa. Superior Ct. 369; Bardis v. Ry., 267 Pa. 352; Griffiths v. Transit Co., 292 Pa. 489.

The contributory negligence of the driver in not backing off the track and thus avoiding the collision, must be imputed to plaintiff: Rothberg v. Traction Co., 97 Pa. Superior Ct. 447; Robinson v. Ice Co., 292 Pa. 366.

*Harry R. Levy,* with him *Harry J. Applestein,* for appellee.—The case at bar is ruled by the case of Lettaire v. Blaisden, 101 Pa. Superior Ct. 423; see also Schomaker v. Havey, 291 Pa. 30; Hull v. Bowers, 273 Pa. 429; McClung v. Taximeter Co., 252 Pa. 478; Schaeffer v. Transit Co., 302 Pa. 220; Messinger v. Transit Co., 97 Pa. Superior Ct. 319.

OPINION BY MR. JUSTICE WALLING, November 23, 1931:

Forbes Street, extending through the City of Pittsburgh in a so-called easterly and westerly direction has, in the center of its cartway, defendant's (Pittsburgh Railways Company's) double track electric street railway, the cartway being of the width of thirty-six feet. In the easterly part of the city Woodlawn Avenue enters Forbes Street from the south and three hundred and fifty feet to the east Normlee Way enters the same street from the north and six hundred and eight feet to the east thereof Plainfield Street also enters Forbes Street from the north. On the early afternoon of June 10, 1929, a group of six men, including the plaintiff, were distributing sample packages of Kellogg's Corn Flakes in this neighborhood by the aid of an auto truck. One of them named Magee drove the truck to the corner of Woodlawn Avenue and Forbes Street where it was boarded by the other five. As the truck contained boxes of the sample packages, two of the men sat on the seat with the driver, one lay on the right mud guard and the other two, including plaintiff, stood on the left running board.

The truck was then driven easterly on Forbes Street along the south or eastbound car track. Assuming, as we must, the facts as plaintiff's evidence supports them, it appears that at the proper place the truck started to make a left-hand turn across the westbound track to enter Normlee Way. At this time a trolley car (herein called the car) was approaching from the east at a distance of some two hundred and fifty feet, on the right side of which was a large automobile traveling in the same direction, which soon increased its speed to forty or more miles an hour, moving ahead of the car and coming on so rapidly as to prevent the Kellogg truck from passing in front of it. Before this situation developed Magee had turned the truck so the left front wheel was between the rails of the westbound track. Seeing his path thus obstructed, he stopped his truck and attempted to back off the track of the approaching car, but, as it bore down upon him at an undiminished speed of some thirty-five miles an hour, before he was able to do so it collided with the left front corner of his truck and threw plaintiff off with such force as to cause serious injuries for which he brought this suit. The trial resulted in a verdict for plaintiff and, from judgment entered thereon, defendant brought this appeal.

While the record presents some interesting legal questions, which were forcibly brought to our attention, we are not convinced that the judgment should be reversed. The defendant's sole complaint here is the lower court's refusal to direct or enter judgment in its favor. On the basis that the attempt of the truck to turn into Normlee Way was halted by the unexpected accelerated speed of the automobile as the former was partly on the westbound track, it was the motorman's duty to take note of this situation and slacken his speed or, if necessary, stop his car so the truck could clear the track. When a motorman sees a vehicle standing in his path and its forward progress is impeded he should, where time affords, place his car under such control as to avoid a collision.

His full duty is not performed merely by sounding his gong while proceeding at high speed. The situation required extra care as the car was traveling down a six per cent grade. Manifestly the question of defendant's negligence was for the jury. See Messinger v. P. R. T. Co., 97 Pa. Superior Ct. 319, 323.

We are spared a consideration of the question of joint enterprise as the case was tried below and here on the basis that plaintiff could not recover if the truck driver was negligent. The Kellogg truck had a right to enter Normlee Way and its driver was not, as matter of law, guilty of contributory negligence by attempting to do so when the other vehicles were approximately two hundred and fifty feet away. See Kilpatrick v. P. R. T. Co., 290 Pa. 288; also Emmelt v. P. R. T. Co., 89 Pa. Superior Ct. 417; Mitchell v. P. R. T. Co., 85 Pa. Superior Ct. 434; Mead v. Central Pa. Traction Co., 63 Pa. Superior Ct. 76. It is not clear that the driver's attempt to back the truck off the track was not the best the situation offered. In any event, if placed in sudden peril by the defendant's negligence, he could not be required to exercise deliberate judgment. The question of his negligence was also for the jury.

On the question of the plaintiff's own negligence, he was standing on the running board of the truck, generally considered an unsafe place and one that might preclude recovery, treating plaintiff as a passenger and the action against the carrier: Schomaker v. Havey, 291 Pa. 30, and cases there cited. In an action, as here, against a third party, however, whether so standing is contributory negligence depends upon the circumstances and is generally for the jury. See Robinson v. American Ice Co., 292 Pa. 366; Hull v. Bowers, 273 Pa. 429; McClung v. Penna. T. Cab Co., 252 Pa. 479; Lattieri v. Blaisden, 101 Pa. Superior Ct. 423. Plaintiff was not required to use the same vigilance as the driver, and in fact did not see the car or know of its approach until the moment of the collision. This, it is urged, convicts him of such neg-

ligence as bars his recovery. The body of the truck was enclosed and he was standing on the side opposite to the approaching car; to what extent, if at all, his view of it was thereby obstructed, does not appear. It is not clear that plaintiff's earlier knowledge of the car's approach would have been helpful. The driver knew of it so there was nothing of which to warn him. Plaintiff was not required to leave the truck, at least, until warned of danger by the car's rapid and near approach. Then what could he have done? True, the parties on the other side of the truck escaped by jumping therefrom, but they landed on safe ground between the two tracks. Had plaintiff jumped he would have landed on the track of the oncoming car or stepped in the path of the passing automobile, or possibly behind the truck, which was driven back twenty feet by the collision. In either case he would have been in imminent peril of his life. A party should not be convicted of negligence because of his failure to jump into imminent danger. The safest thing, apparently, for him to do was stick to the truck as he did. Hence, it cannot be held, certainly not as matter of law, that plaintiff's failure to sooner discover the oncoming car contributed to the accident. If not, he cannot be held guilty of contributory negligence, as his neglect, if any, was not a factor in causing the accident. In other words, it did not coöperate in causing the injury: Gould v. McKenna, 86 Pa. 297; McClung v. Penna. T. Cab Co., supra; Hager et al. v. Phila. & R. Ry. Co., 261 Pa. 359.

Neither the plaintiff nor the truck driver was bound to anticipate negligence on the part of the motorman or of the chauffeur of the automobile. Whether the car stopped at Plainfield Street is not clear, nor in our opinion material in the present case. The evidence for defendant presented an entirely different version of the accident and one that would exonerate it from any liability. The jury, however, accepted plaintiff's version and we are concluded thereby.

The judgment is affirmed.