## Valente, Appellant, *v.* Lindner.

Argued December 3, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Israel T. Klapper,* with him *Conrad A. Falvello,* for appellant.

*Ben R. Jones, Jr.,* of *Bedford, Waller, Jones & Darling,* for appellee, was not heard.

OPINION BY MR. JUSTICE DREW, January 6, 1941:

This suit is a trespass action brought by plaintiff, Susan Valente, on behalf of herself and minor children to recover damages for the wrongful death of her husband, Ernest J. Valente. Defendant, Henry J. Lindner, was the driver of a car from the running board of which Valente was thrown to his death.

The circumstances of the accident relevant to the question before us are uncontroverted. Defendant, on the afternoon of May 14, 1938, at about 4:30 P. M., was taking a boy who had been injured in a neighboring town to a hospital in Hazleton. One Makoviak, who was accompanying defendant in the latter's one-seated coupe, held the injured boy on his lap. When defendant, who did not know the location of the hospital, reached the intersection of Broad and Church Streets in the City of Hazleton, he attracted the attention of plaintiff's decedent, a policeman, who was directing traffic at that point. Defendant told the officer that he had an injured boy in the car and asked to be directed to the hospital. The officer said "All right", and took a standing position on the left running board of the coupe, holding on with his right hand leaving his left hand free. He then told defendant to "Go ahead." Defendant proceeded to drive east on Broad Street to its intersection with Wyoming Street where he stopped the car suddenly. As a result, Valente was thrown to the street from the running board and received the injuries from which he died.

After plaintiff had concluded her case at trial, showing the above facts, the trial court, on defendant's mo-

tion, allowed a compulsory nonsuit. The court en banc, on the ground that plaintiff's decedent was guilty of contributory negligence as a matter of law, discharged the rule to take off the nonsuit and this appeal followed. The ruling must be affirmed.

In *Schomaker v. Havey*, 291 Pa. 30, where the action was against the operator of the automobile, this Court announced the rule that where a person stands on the running board of a moving automobile and is thrown therefrom, he is guilty of contributory negligence as a matter of law. This rule was held applicable where plaintiff was riding on the flat platform back of the driver's seat of an open truck: *Zavodnick v. A. Rose & Son*, 297 Pa. 86. There is an exception to this rule where the action is against a third person, someone other than the owner or driver of the car upon which plaintiff was riding. There we have held the question of contributory negligence is for the jury: *Hough v. American Reduction Co. of Pittsburgh*, 315 Pa. 234; *Sexauer v. Pittsburgh Rys. Co.*, 305 Pa. 319; *Robinson v. American Ice Co.*, 292 Pa. 366; *Hull v. Bowers*, 273 Pa. 429; *Lettieri v. Blaisden*, 101 Pa. Superior Ct. 423. In such cases the relationship of passenger and carrier does not exist, as in the instant case, and in that of *Schomaker v. Havey*, supra.

The principal argument which appellant urges to take her case out of the rule of the *Schomaker* case is that the deceased officer was acting in the performance of public duty and in a situation of emergency, and therefore the standard of care required of him was not so high as it would have been under ordinary circumstances. Plaintiff points to *Beyrent v. Kaplan*, 315 Pa. 353, and similar cases from other jurisdictions as authorities for this proposition. In the *Beyrent* case, a janitor at a public school, part of whose duties being to act as traffic officer, was struck while standing in the center of an intersection directing traffic for the protection of school children. As this Court there

pointed out, it was not contributory negligence as a matter of law for him to stand there. It was there said (p. 355): "Not only did he have a right to be where he was, in the center of the intersection, *but it was his duty to be there* to safeguard the children. . . ." (Italics added.) It is quite another matter to deduce from this that where the officer is merely pointing out a route for a stranger, he is entitled to disregard the dictates of due care and caution. His obedience to duty did not require him to ride on the running board of defendant's car. He had several alternatives. If it was actually impossible for him to direct defendant to the hospital without accompanying him in person (which did not appear in the record) and if he was too large physically to enter the car with the others already therein, he could have instructed Makoviak, who was merely holding the injured boy, to alight and let him take his place. Or he could have commandeered another car—there were a number on Broad Street at the time—and have been taken to the hospital, leading the way for the defendant to follow in his car. When one voluntarily assumes a position of danger when there is a safe place to which he may go and by reason of this is injured, he is contributorily negligent: *Dezelan v. Duquesne Light Co.*, 334 Pa. 246.

Plaintiff also refers us to *Corbin v. Philadelphia*, 195 Pa. 461, which holds that one who subjects himself to danger in the face of an emergency is not negligent as a matter of law and that the question is for the jury under all the circumstances. But that case, and those following it (*Whitman v. Stipp*, 270 Pa. 401; *Toner v. Penna. R. R. Co.*, 263 Pa. 438; *Fairman v. Dorney*, 73 Pa. Superior Ct. 238,) were all cases of rescue from impending peril in which the courses of action adopted by the injured plaintiffs were, under the circumstances, the only expedient means of effecting the rescue. In the *Corbin* case, we expressly said (p. 472), ". . . if he did not act rashly and unnecessarily expose himself to

danger, . . ." the rescuer would not be barred as a matter of law. Clearly, the element of necessity for the deceased officer's conduct in the present case is entirely lacking.

Plaintiff also assigns as error the exclusion of testimony as to the condition of the injured boy when the officer got on the running board of the car. In the view we have taken of the case, this question is immaterial. Regardless of the extent of the boy's injuries, the fact remains that there was no necessity for the officer to assume such a dangerous position. Therefore this testimony was properly excluded.

Order affirmed.