Srednick, Appellant, *v.* Sylak et al., Appellants.

487

Argued October 6, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*L. L. Ewing,* of *Reed & Ewing,* for original defendant, appellant No. 100 and appellee Nos. 110 and 120.

*John E. Evans, Jr.,* of *Evans, Evans & Spinelli,* and *Joseph A. Tritschler,* for plaintiff, appellant No. 110 and for appellee No. 100.

*A. G. Helbring,* for additional defendant, appellant No. 120.

OPINION BY MR. JUSTICE LINN, November 24, 1941:

Two of these appeals are from an order granting a new trial; the third is from the refusal of judgment n. o. v. The suit was brought November 10, 1938, and is governed by the sci. fa. acts in effect at that time and not by the Rules of Civil Procedure (2251 to 2275), effective September 4, 1939. The plaintiff sued Sylak.

Sylak brought in Openhart, as additional defendant, on averments that plaintiff's injury was caused by the negligence of Openhart or by the joint negligence of Sylak and Openhart. He then amended his writ by eliminating the charge of joint negligence. The jury found for plaintiff against Sylak, original defendant, and in favor of Openhart, added defendant. The learned trial judge granted defendant Sylak's motion for a new trial and certified that he did so because he thought he erred in his instruction to the jury that it could not render a joint verdict against the defendants.[1]

The plaintiff appeals and contends that, on this record, the instruction was correct and therefore it was error in law to order the case to be tried again. The added defendant Openhart appeals and repeats the same contention. The defendant Sylak appeals and assigns a single error—that his motion for judgment n. o. v. was refused.

The accident occurred at night while Openhart was driving a five passenger car with nine persons in it and the plaintiff standing on the left running board. The car was moving at about 15 miles an hour in second gear up hill on a straight country road, surfaced 16 feet wide, with a narrow berm on each side, when defendant Sylak's car was seen approaching from the opposite direction. The evidence on behalf of the plaintiff is that Openhart moved to the right as far as possible, perhaps as much as three feet from the center of the road, and that no part of plaintiff's body was projecting beyond the fenders and running board of Openhart's car. The cars sideswiped and the plaintiff was seriously injured. If the evidence on behalf of the defendant Sylak had been believed, the jury might have found that Sylak's car remained on its own half of the road and did

---

[1] The instruction was: "Now under the pleadings in this case you cannot return a joint verdict against the original and additional defendants. You may find that the acts of one of them caused the accident, but not both."

not get over on Openhart's side; but as the verdict was against Sylak, it must be treated, for the purpose of this review, as a rejection of Sylak's evidence and the adoption of the case made by the plaintiff.

The evidence makes it perfectly clear that (1) as between the plaintiff and Openhart, plaintiff was guilty of contributory negligence preventing recovery from Openhart;[2] and (2) as between the plaintiff and Sylak, plaintiff's contributory negligence was for the jury.[3]

If Openhart's car was over on his half of the road, as witnesses testified, binding instructions for the defendant Sylak could not have been given because, in that view, the collision could only have occurred by his coming over on Openhart's side of the road. Sylak's assignment of error must therefore be overruled and his appeal dismissed.

The next inquiry is whether there was error of law, harmful to the defendant, Sylak, in instructing the jury that a joint verdict could not be returned. In considering this point, it is necessary to keep in mind that plaintiff's contributory negligence made it impossible for him to recover on a verdict against Openhart. It must also be remembered that plaintiff is not complaining of the instruction; the question is, Can the defendant complain of it on the present record? Sylak's præcipe for the sci. fa. was his statement of claim[4] against Openhart;

---

[2] See *Schomaker v. Havey*, 291 Pa. 30, 139 A. 495; *Zavodnick v. A. Rose & Son*, 297 Pa. 86, 146 A. 455; *Sexauer v. Pittsburgh Rys. Co.*, 305 Pa. 319, 323, 157 A. 603; *Hough v. American Reduction Co.*, 315 Pa. 234, 237, 172 A. 722; *Valente v. Lindner*, 340 Pa. 508, 17 A. 2d 371; *Lettieri v. Blaisden*, 101 Pa. Superior Ct. 423.

[3] See *Hull v. Bowers*, 273 Pa. 429, 117 A. 189; *Robinson v. American Ice Co.*, 292 Pa. 366, 369, 141 A. 244; *Sexauer v. Pittsburgh Rys. Co.*, 305 Pa. 319, 157 A. 603; *Hough v. American Reduction Co.*, 315 Pa. 234, 236, 172 A. 722; *Valente v. Lindner*, 340 Pa. 508, 510, 17 A. 2d 371; *Lettieri v. Blaisden*, 101 Pa. Superior Ct. 423, 425.

[4] *Hoffman v. Repp*, 337 Pa. 486, 487, 12 A. 2d 311.

it contained no averments of the transaction resulting in plaintiff's injury but pleaded conclusions of law with respect to the transaction set forth in plaintiff's statement of claim. When Sylak amended his præcipe by eliminating the averment of join liability, the issue between him and Openhart was whether Openhart alone was liable; it would of course have been a defense to plaintiff's suit against Sylak that somebody else caused the damage and, on proof of it, Sylak would have been entitled to a verdict. If he had not amended and had proved his joint liability averment the jury would have had the power to determine in the same verdict that Openhart was liable to contribute to Sylak. Compare *Maio v. Fahs,* 339 Pa. 180, 187, 14 A. 2d 105; *Koontz v. Messer,* 320 Pa. 487, 181 A. 792; *Shapiro v. Phila.,* 306 Pa. 216, 159 A. 29; *Vinnacombe v. Phila.,* 297 Pa. 564, 573, 147 A. 826; *Clineff v. Rubash,* 126 Pa. Superior Ct. 82, 190 A. 543; *Briggs v. Phila.,* 112 Pa. Superior Ct. 50, 170 A. 871;[5] and see *Goldman v. Mitchell-Fletcher Co.,* 292 Pa. 354, 141 A. 231. Defendant made no request for instructions on this subject.

Sylak was not entitled to insist on more than he had pleaded. If, for reasons which he considered sufficient, he eliminated the averment of joint liability, there remained no issue between him and Openhart. While the case is to be determined under the statutes in effect prior to the adoption of the new Rules, it may be noted that even under the Rules, which are more specific than the statutes were, we have held that if a defendant avers the sole liability of an added defendant and the plaintiff does not file a supplementary statement against the added defendant as permitted by Rule 2258, the court may dismiss the added defendant because no issue between him and the defendant remains to be tried: *Davidson v. Patterson,* 342 Pa. 466, 21 A. 2d 30.

Sylak, as appellee in plaintiff's appeal, suggests that on the authority of *Majewski v. Lempka,* 321 Pa. 369,

---

[5] Reversed on another point, 316 Pa. 48, 173 A. 316.

183 A. 777, he could require an instruction that the jury might find a joint verdict. In that case, it appeared that a defendant had been added on averment of sole liability but that the jury found the defendants jointly liable to the plaintiff. This was sustained as within the sci. fa. acts as amended June 22, 1931, P. L. 663, 12 PS section 141, providing, inter alia, "Where it shall appear that an added defendant is liable to the plaintiff, either alone or jointly with any other defendant, the plaintiff may have verdict and judgment or other relief against such additional defendant to the same extent as if such defendant had been duly summoned by the plaintiff and the statement of claim had been amended to include such defendant, and as if he had replied thereto denying all liability." The evidence brought the *plaintiff* into the same relationship with the additional defendant as a party on the issue of joint liability, as if he, the plaintiff, had in the first instance brought him in and had averred it. This case therefore does not help defendant appellee as the plaintiff does not ask for, and in law could not have had, the benefit of a verdict against the added defendant. But apart from the statute, the same result would have been reached in *Majewski v. Lempka* on a review of the record on appeal, because it is well settled that after a case has been tried on the merits to a responsive verdict without objection that an issue submitted is not included in the pleadings, the case will be reviewed as if the pleadings had been amended to conform with the trial.[6]

Defendant also referred to *Abraham v. National Biscuit Co.*, 89 F. (2d) 266. That was an appeal in which plaintiff, not the defendant as in the present appeal, complained of the refusal to permit a joint verdict in circumstances apparently like those considered in *Ma-*

---

[6] *Clark v. Steele*, 255 Pa. 330, 339, 99 A. 1001; *Culbertson v. Ansell*, 303 Pa. 46, 52, 153 A. 900; *Altman v. Uniontown School District*, 334 Pa. 336, 343, 5 A. 2d 896. See also the well considered opinion of READER, F. J., in *Morris v. McKinley*, 33 Pa. D. & C. Rep. 696.

*jewski v. Lempka.* But the case does not support defendant's contention because here, plaintiff is not complaining of the instructions. Defendant, who expressly excluded the issue by amending his writ, is now contending that plaintiff, for the benefit of defendant, must take a position on appeal which the plaintiff, who is satisfied with the verdict against Sylak and who by reason of contributory negligence could not recover on a verdict against Openhart, does not wish to take; the defendant has no such power.

The defendant, as appellee in plaintiff's appeal, contends the new trial was properly granted on another ground. The learned trial judge, over defendant's objection, allowed plaintiff to read in evidence, as an admission by defendant, the præcipe originally filed by defendant to bring in Openhart as additional defendant on the averment of joint liability; to meet the effect of this, Sylak was allowed to read his amended præcipe charging the additional defendant with sole liability. The relevant words of the writ were, "And whereas the defendant in said suit alleges that John Openhart . . . is alone liable over to said plaintiff, or is jointly liable with said defendant, for the cause of action declared on in said suit, for the whole, or a stated part, of any amount which may be recovered therein against said defendant, by reason of the fact that he, the said John Openhart, carelessly, recklessly and negligently operated a certain Ford Sedan automobile resulting in the damage alleged to have been sustained by the plaintiff, . . ." The præcipe stated: "It is therefore alleged that all of the damage claimed by the plaintiff was caused by and through the carelessness, negligence and recklessness of the said John Openhart as herein set forth or by the joint negligence of the said John Openhart and the defendant, Charles Sylak."

The general rule is that admissions of fact in pleadings are admissible, but that the pleader's conclusions of law are not admissions of facts in issue. Whether

an allegation is of fact or law is determined by the context disclosing the circumstances and purpose of the allegation. In perhaps the broad sense, the statement that a party is liable to another is a statement of fact, but the same words are in general use as a statement of law, and when intended to be so used the statement may not be treated as an admission of fact. In *Schuster v. Largman*, 318 Pa. 26, 33, 178 A. 45, the averment "The defendants are jointly liable" was said to be "a mere conclusion of law." The use, in the præcipe, of the words "carelessness, negligence and recklessness" is not conclusive in determining whether the allegation may be used as an admission of fact because, in the pleading, "Negligence is a legal conclusion and need not be specifically averred": *Penna. R. R. Co. v. Pittsburgh*, 335 Pa. 449, 459, 6 A. 2d 907.

Under the old pleading, a plaintiff could not use one plea of a defendant as evidence of a fact denied by him in another plea.[7] In *Snyder v. Rainey*, 198 Pa. 356, 362, 47 A. 998 (1901), BROWN, J., said: "No one of us can recall the time when to a plea of non assumpsit were not added payment and set-off. Under these pleas the plaintiff has always been required to make out his case; no admission of the contract or assumption sued upon has ever been presumed, and whether the plaintiff made out his case or failed, the right of the defendant to a certificate in his favor, if justified by the evidence, has never been questioned."

Third party procedure under the sci. fa. acts and under the Rules of Civil Procedure provide for stating alternative and apparently inconsistent conclusions of law;[8] without them, the purposes[9] of the procedure

---

[7] *Harington v. MacMorris*, 5 Taunt, 228, 128 Eng. Rep. 675. The subject is considered in 4 Wigmore, Evidence, section 1064.

[8] *Rau v. Manko*, 341 Pa. 17, 24, 17 A. 2d 422.

[9] See *Vinnacombe v. Philadelphia*, 297 Pa. 564, 147 A. 826; *First Nat. Bk. of Pittsburgh v. Baird*, 300 Pa. 92, 150 A. 165; *Rau v.*

could not be made effective; but the pleader's statement of the alternative conclusions of law may not be used as admissions of issuable facts. The writ read in evidence should have been excluded.[10] But we are satisfied from our examination of the record that defendant was not harmed by what was done.

It is unnecessary to discuss appellant Sylak's contention based on Section 1023,[11] entitled "Tampering with Vehicles," of the Motor Vehicle Code of 1929, P. L. 905, 984, as amended by the Acts of July 16, 1935, P. L. 1056, and June 29, 1937, P. L. 2329, 75 PS section 632; it has been held to apply to trespassers. *Harris v. Seiavitch*, 336 Pa. 294, 296, 9 A. 2d 375. Srednick was not a trespasser.

We sustain plaintiff-appellant's assignment of error, and for the same reasons, the assignment filed by Openhart. The order granting a new trial is reversed and

---

*Manko*, 341 Pa. 17, 17 A. 2d 422. The Sci Fa. Act of 1929 resulted from the recommendation of the Bar Association: 34th Annual Report of Penna. Bar Association, 42 et seq.

[10] The instruction on this subject was: "The plaintiff claims that by pleading in the alternative the defendant has admitted that both he and the additional defendant might have been somewhat negligent, and that such negligence resulted in the plaintiff's injuries. The defendant contends that this was a matter of pleading which was in control of the defendant's attorney, and that it has no significance by way of an admission of any liability on the part of the original defendant. We will leave this matter for your judgment. We have no hesitancy, however, in informing you that these *scire facias* acts are quite technical; that even attorneys differ as to their interpretation; and that in our opinion the form of the pleading has little or no significance as an admission of negligence on the part of the defendant Charles Sylak. In expressing our opinion we do not withdraw the testimony from your consideration, but permit you to form your own opinion."

[11] This section is incorrectly quoted in the brief filed on behalf of Sylak; the quotation is of Section 1023(b) of the Act of 1929, as amended by the Act of June 27, 1939, P. L. 1135, section 27, which included provisions not in the Act at the time of plaintiff's injury; we therefore say nothing concerning the effect of the new provisions.

the record is remitted to the end that judgment against the defendant, Sylak, and in favor of the plaintiff, may be entered on the verdict.