## Wnek et al. v. Boyle et al. (No. 2)

*Wendell E. Warner*, for defendant.

*Geary & Rankin* and *Philip A. McMunigal, Jr.*, for additional defendant.

ERVIN, P. J., October 22, 1951.—On April 9, 1951, we made an order allowing the motion to dismiss the amended complaint of defendant, Charles J. Boyle, and gave him leave to file an amended complaint within 20 days from the filing of the order. On May 2, 1951, he filed his second amended complaint against Edward J. Wnek, additional defendant. After identifying the parties, the place of the right angle collision, the ownership and control of the automobiles and the fact that plaintiffs have instituted this action to recover dam-

ages for personal injuries sustained while they were passengers in additional defendant's automobile when it collided with the automobile driven by defendant, the second amended complaint proceeds to aver (paragraph 10) that plaintiffs have charged that their injuries and damages resulted solely from the negligence of defendant, requesting this court to take judicial notice of the averments of fact and law in plaintiffs' complaint. In paragraph 11 defendant avers that additional defendant was negligent, itemizing the facts forming the basis of that conclusion. In paragraph 13 defendant states his desire to protect any right of contribution which may, after trial, accrue to him if the jury should find defendant and additional defendant to have been jointly or concurrently negligent. Additional defendant filed an answer to defendant's second amended complaint in which he denied any negligence on his part and under new matter pleaded facts to show that the statute of limitations had run on the claims of plaintiff Matthew J. Wnek and/or Vivian Livingston and then asked the court to dismiss the second amended complaint of defendant, Charles J. Boyle.

The sole question to be determined is: Are the facts as pleaded in defendant's second amended complaint sufficient to prove concurrent or joint negligence of defendant and additional defendant? Additional defendant argues that the facts pleaded in defendant's second amended complaint show only sole negligence on the part of additional defendant. In the opinion filed April 9, 1951, we suggested that defendant might by reference incorporate the facts to show his negligence as pleaded in plaintiffs' complaint without restating them. This defendant refused to do because of his fear that at the trial plaintiffs will use them as an admission of facts showing defendant's negligence. We suggested in the opinion of April 9, 1951, that this

could not be done and referred the parties to the case of Srednick v. Sylak et al., 343 Pa. 486, 493, where the court said:

"Third party procedure under the sci. fa. acts and under the Rules of Civil Procedure provide for stating alternative and apparently inconsistent conclusions of law; without them, the purposes of the procedure could not be made effective; but the pleader's statement of the alternative conclusions of law may not be used as admissions of issuable facts. The writ read in evidence should have been excluded. But we are satisfied from our examination of the record that defendant was not harmed by what was done."

Defendant now argues that under the language above quoted the pleader may not state alternative conclusions of law. He argues that the general rule that averments of fact may be used against the pleader still prevails. If this argument is sound, the new rules providing for the joinder of additional defendants will largely fail in their laudable purpose. One of the fundamental issues initially determined by the Supreme Court Rules Committee was that Pennsylvania should hold on to fact pleading and should not take on notice pleading. This being so decided it logically follows that pleaders must be required to state facts upon which their causes of action or defenses are based. Asking the court to take judicial notice of facts averred by plaintiff is far removed from adopting as their own the averments of plaintiff. In our judgment, nothing less than a restatement of those facts by defendant or adoption of them by reference will satisfy our rules which require fact pleading. See Zachrel, Admx., v. Universal Oil Products Company et al., 355 Pa. 324; Carlin v. Pennsylvania Power and Light Company et al., 363 Pa. 543; Austin v. Kinsey et al., C. P. Delaware Co., March term, 1950, no. 1716.

Pa. R. C. P. 1020(c) provides:

"Causes of action and defenses may be pleaded in the alternative."

Ronald A. Anderson, in his excellent work, Anderson, Pennsylvania Civil Practice, vol. 2, at page 405, says:

"Since a cause of action or a defense is pleaded by setting forth the 'material facts' on which it is based, the permission to plead 'causes of action and defenses' in the alternative confers the right to plead facts in the alternative."

This we believe to be sound and do not see how the desired objectives may be reached under the new rules unless it is followed. No Supreme Court decision has flatly met this question since the adoption by the Supreme Court of rule 1020 (*c*), effective January 1, 1947. Much of the value of the new rules will be lost if a defendant who pleads facts in the alternative may have the pleading used against him at the trial.

Rule 1024 (*b*) clearly contemplates the right to plead inconsistent or alternative facts. Its language is as follows:

"If a pleading contains averments which are inconsistent in fact, the verification shall state that the affiant has been unable after reasonable investigation to ascertain which of the inconsistent averments, specifying them, are true but that he has knowledge or information sufficient to form a belief that one of them is true."

The Supreme Court itself has said (see rule 126) that the rules shall be liberally construed to secure the just and speedy conclusion of every action or proceeding to which they are applicable.

We are, therefore, of the opinion that defendant should have stated facts upon which could be based a joint liability of defendant and additional defendant. Having failed to do this after ample opportunity was afforded, we are obliged to grant additional defend-

ant's motion to dismiss defendant's second amended complaint.

## Order

And now, to wit, October 22, 1951, the above matter having been heard by the court in banc, together with oral argument and briefs, it is ordered, adjudged and decreed that defendant's second amended complaint against Edward J. Wnek, additional defendant, be and the same is hereby dismissed.