TULLGREN, Appellant, v. SCHOOL DISTRICT No. 1 OF VIL-
LAGE OF WHITEFISH BAY, Respondent.

*February 3—March 3, 1959.*

482

484

For the appellant there were briefs by *Irving A. Puchner,* attorney, and *Harold W. Story* and *William E. Shaw* of counsel, all of Milwaukee, and oral argument by *Mr. Puchner.*

For the respondent there was a brief by *von Briesen & Redmond,* attorneys, and *George F. Redmond* of counsel, all of Milwaukee, and oral argument by *George F. Redmond.*

BROADFOOT, J.   The first argument made by the plaintiff is that contracts for the performance of architectural services in connection with the construction of a high school in separate units over a long period of time are valid. In that connection she cites *Jacobberger v. School Dist.* 122 Or. 124, 256 Pac. 652, and *Altman v. Uniontown School Dist.* 334 Pa. 336, 5 Atl. (2d) 896. The school district does not take issue with the decisions in those cases but states that they were enforced within a reasonable time whereas the action in the present case was started twenty-six years after the date of the principal contract. The time involved in the Oregon case was ten years and in the Pennsylvania case it was thirteen years.

If we assume that the school district is correct in its contention we should know more of the background and the facts and circumstances than we can glean from the pleadings. At this stage of the record we can only say that the contract is *prima facie* valid and the complaint in that respect is not demurrable.

The plaintiff next contends that the contract was assignable. This was a contract for personal services that ordinarily would not be assignable but because of the specific provision in the contract the school district consented to the assignment and the school board does not take issue with this allegation.

The plaintiff finally contends that the employment of an architect other than Herbst was a breach of the contracts with Tullgren. The school district on the other hand contends that the assignment by Mrs. Tullgren to Herbst was an absolute assignment; that Herbst then stood in the shoes of Tullgren and that he had as much authority to cancel the 1931 and 1941 agreements as Tullgren would have had. The assignment from plaintiff to Herbst was absolute in form with this exception:

"It is understood that this assignment is made in accordance with the terms of said contracts and particularly paragraph 11 thereof."

Paragraph "Eleventh" of the 1931 contract reads as follows:

"It is further agreed and understood that this contract is not assignable except as in this paragraph provided. In case of the death or incapacity of the architect to perform the same, he or his personal representatives shall have the right to assign his interest in this contract to a competent and experienced school-building architect approved by the district board of the district, provided such assignee shall undertake and agree in writing to carry out all of the terms of this agreement by the architect to be kept and performed. Said board shall not refuse approval of such assignee arbitrarily or unreasonably. In the event of the failure of the architect or his personal representatives to make such an assignment within thirty (30) days after being requested so to do in writing by said district board, or in the event of the architect's refusal to promptly and expeditiously carry out his part of this agreement, then the district shall have the

right to employ another architect to do so at the expense of the architect and to freely use in the construction of said proposed building, or any part thereof, including said two gymnasiums, any plans, drawings, or specifications theretofore prepared by the architect for said building."

The 1931 contract further provided that all of the detailed plans, working drawings, specifications, and engineering computations and calculations were instruments of service and remained the property of the architect.

It appears that the school district desired the completion of an entire building that would be in harmony with the original design and that its plan could best be carried out by the use of Tullgren's original drawings, blue prints, and specifications. In the separate contract between plaintiff and Herbst the plaintiff retained title to all of the original plans, drawings, and work sheets but with consent to Herbst to have the full use thereof. The separate agreement further provided that Herbst would carry out all of the terms of the 1931 and 1941 contracts and that he would not assign or abandon any of the contracts, nor make any settlement with the school district at less than the contract price without the consent of the plaintiff.

The complaint alleges that the school district had notice not only of the assignment to Herbst but of the separate agreement that was entered into. The school district, although admitting notice, contends that it was not a party to the assignment or the separate agreement between the plaintiff and Herbst and that there can be no liability on its part under a contract to which it was not a party.

By the terms of paragraph 11 of the 1931 contract the consent of the school district to an assignment of the contract was a conditional one. It would only consent to such assignment if the assignee was a competent and experienced school-building architect who would undertake and agree in writing to carry out all of the terms of the contract to be

performed by Tullgren. The obvious advantage of this provision was that it would make all of Tullgren's plans, specifications, and work sheets available so that the added units would harmonize with the original plans. There was no provision therein for a further assignment, and the power to revoke by the assignee would violate the spirit of the 1931 contract. A revocation by Herbst would also violate the terms of the agreement between plaintiff and Herbst and the complaint alleges knowledge thereof by the school district.

The school district makes other arguments that can best be determined after trial. Under our liberal forms of pleading we are constrained to hold that the complaint states a cause of action and cannot be dismissed on demurrer.

*By the Court.*—That part of the order appealed from is reversed. Cause remanded with directions to enter an order overruling the demurrer of the school district and providing that the school district have the usual time after the date of the order to interpose an answer.